[Civ. No. 2893. Fifth Dist. Feb. 27, 1976.]

ARTHUR CUEVAS et al., Petitioners, v.
THE SUPERIOR COURT OF STANISLAUS COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Brunn & Lacey and Dale H. Thayer for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold Overoye, Assistant Attorney General, Gregory W. Baugher and Paul H. Dobson, Deputy Attorneys General, for Real Party in Interest.

## Opinion

**THE COURT.\***—Petitioners seek a writ of prohibition to restrain the Stanislaus County Superior Court from taking any further proceedings against petitioners on the ground that their motion to set aside the information (Pen. Code, § 995) was denied erroneously by Judge Frank Pierson because petitioners were prevented from challenging a search warrant pursuant to Penal Code section 1538.5 at the preliminary hearing. All evidence produced at the hearing came from the execution of a search warrant issued by Judge Pierson; petitioners allege that they have valid grounds for a motion to suppress the evidence introduced against them because the search warrant was issued on the basis of an affidavit which was factually insufficient and which contained material inaccuracies and falsehoods.

Petitioners also allege, and offered to prove at the preliminary hearing, that criminal defendants in Stanislaus County are being denied the right to challenge evidence against them seized pursuant to a search warrant because of a conscious effort on the part of the District Attorney of Stanislaus County to seek search warrants only from superior court judges, not from municipal court judges, thinking that a defendant must attack a search warrant before the magistrate who issued it, so that defendants may not challenge illegally seized evidence and illegally issued warrants at their preliminary hearings in the municipal court.

Petitioners were charged by information with possession of stolen property (Pen. Code, § 496, subd. 1), possession of barbituates and amphetamines (Health & Saf. Code, § 11377) and possession of peyote (Health & Saf. Code, § 11350).

At the preliminary hearing counsel for the defendants stated his intention to make a motion to suppress the evidence obtained through the execution of the search warrant. (Pen. Code, § 1538.5.) The deputy district attorney urged the court to refuse to hear any such motion because of section 1538.5, subdivision (b), of the Penal Code which states: "When consistent with the procedures set forth in this section and subject to the provisions of Section 170 through 170.6 of the Code of Civil Procedure, the motion should first be heard by the magistrate who issued the search warrant if there is a warrant."

\*Before Brown (G. A.), P. J., Gargano, J. and Franson, J.

After looking at the code section, the municipal court judge said that the motion to suppress should have been made before Judge Pierson, the superior court judge who issued the warrant, and ruled that the motion would not be entertained. The evidence, subject of the motion to suppress, was introduced, and defendants were held to answer on all three counts.

On January 27, 1976, defendants moved in the superior court to set aside the information (Pen. Code, § 995) on the basis that error had occurred in the commitment. The deputy district attorney said that error had in fact occurred but that it did not constitute a denial of a substantial right to defendants and was curable under *People* v. *Mardian* (1975) 47 Cal.App.3d 16, 37 [121 Cal.Rptr. 269].

Defendants had not requested a hearing in the superior court under section 1538.5 of the Penal Code to cure the error at the time of the hearing on the 995 motion and declared that they would not request such a hearing. The superior court judge found that defendants had not been deprived of a substantial right and could challenge the affidavit and search warrant prior to trial in the superior court. The trial judge denied the motion to set aside the information on January 28, 1976, and on February 2 defendants filed their petition for writ of prohibition in this court.

■ The language in section 1538.5, subdivision (b), is not mandatory, but permissive. The word "should" is used in a regular, persuasive sense, as a recommendation, not as a mandate. Other subdivisions of the section contain words which are clearly mandatory and which could have been used in subdivision (b) had that been the intent of the Legislature. Rather, it seems clear that subdivision (b) is inapplicable when it is in contradiction to other portions of the statute; in this instance it is inconsistent with subdivision (f) which provides:

"If the property or evidence relates to a felony offense initiated by a complaint, the motion may be made in the municipal or justice court at the preliminary hearing."

"The purpose of the preliminary hearing is to weed out groundless or unsupported charges of grave offenses, and to relieve the accused of the degradation and the expense of a criminal trial. Many an unjustifiable prosecution is stopped at that point, where the lack of probable cause is clearly disclosed." (*Jaffe* v. *Stone* (1941) 18 Cal.2d 146, 150 [114 P.2d 335, 135 A.L.R. 775].)

In *People* v. *Elliot* (1960) 54 Cal.2d 498, 504-505 [6 Cal.Rptr. 753, 354 P.2d 225], the California Supreme Court declared that a "preliminary examination is not merely a pretrial hearing," and the "Legislature has specifically conferred upon an accused the right to protect his name from being maligned at a preliminary examination. This protection is too important to the innocent, as well as to the guilty, to permit it to be ignored by the committing magistrate."

In *Jennings* v. *Superior Court* (1967) 66 Cal.2d 867, 875-880 [59 Cal.Rptr. 440, 428 P.2d 304], it was urged that error in limiting a defendant's right of cross-examination was not prejudicial because the evidence presented was sufficient to show probable cause to hold defendant to answer. The Supreme Court refused to "reduce the preliminary hearing to an ex parte proceeding at which the defendant's presence would be a meaningless gesture." The court held that "the refusal to grant a continuance and the restriction on cross-examination amounted to a denial of petitioner's 'substantial rights' in the preliminary hearing proceedings, and the resulting illegal commitment may be reached by way of prohibition." (Pp. 879-880.)

The court in the *Jennings* case, *supra,* also held that to effectuate the recognized purpose of the preliminary hearing the defendant must be permitted, if he wishes, "to elicit testimony or introduce evidence tending to overcome the prosecution's case or establish an affirmative defense." (P. 880.)

In 1967 the Legislature enacted section 1538.5 of the Penal Code, a procedure for attacking unconstitutional searches and seizures; it was made available whether or not the search or seizure was under a warrant.

Subdivision (f) of section 1538.5 states clearly that in the case of "a felony offense initiated by a complaint" the motion to suppress evidence may be made in the municipal or justice court at the preliminary hearing, and the statute further states that if the motion is denied and defendant is held to answer he may make the motion again in superior court. (See Witkin, Cal. Evidence (2d ed. 1974 Supp.) § 71E, p. 46.)

The petitioners have not been allowed their opportunity to present the motion at the preliminary hearing as provided by the statute and they do not choose to have the error "cured" in the superior court, but instead seek a writ of prohibition on the ground that their motion to dismiss should have been granted.

█ Penal Code section 995 provides that upon motion the information must be set aside if the defendant has not been legally committed by a magistrate; if he has been illegally committed and his motion to set aside the information on that ground has been denied erroneously, a conviction must be reversed even after a trial on the merits. (*People* v. *Elliot, supra,* 54 Cal.2d 498, 503.)

The rule is a recognition of the constitutional provision that criminal offenses be prosecuted either by indictment or "by information, after examination and commitment by a magistrate," (Cal. Const., art. I, § 8) in compliance with statutory provisions relating to preliminary examinations and holding a defendant to answer. (See *People* v. *Sanchez* (1972) 24 Cal.App.3d 664, 691 [101 Cal.Rptr. 193].)

█ All of the evidence presented by the People at the preliminary hearing stemmed from the execution of the search warrant. When defendants chose to attack the validity of that warrant pursuant to Penal Code section 1538.5, subdivision (f), at the preliminary hearing, the magistrate refused to allow defendants to make their motion to suppress. Defendants pressed their case at each opportunity; at the motion to dismiss the information (Pen. Code, § 995) in the superior court, defendants objected to the magistrate's refusal to entertain their motion to suppress the evidence; when no relief was available at the 995 hearing in the superior court, they sought a writ of prohibition. We are not faced with the issue considered in *People* v. *Mardian, supra,* 47 Cal.App.3d 16, 37, where the court stated that any error which was committed by a magistrate in refusing to receive evidence on the issue of the accuracy of an affidavit at the preliminary hearing was cured by a subsequent correct determination of the issue in the superior court. Petitioners seek the opportunity provided by the statute to move at the preliminary hearing for suppression of evidence obtained under an allegedly invalid search warrant; this is their right, and, because they were prevented from exercising their statutory prerogative, petitioners were illegally committed and the motion to dismiss the information was denied erroneously.[1]

The petition filed with this court, the opposition filed by the real party in interest, the transcript of the preliminary hearing, the transcript of the hearing on the 995 motion and the reply brief of petitioners ". . . fully

---

[1]Had petitioners moved to suppress the evidence under section 1538.5 in the superior court, instead of standing on their rights, the error would have been cured; petitioners chose not to do so, but sought relief by way of writ of prohibition after preserving their right to object by arguing the error at the 995 hearing.

present the determinative issues in the premises. An alternative writ or order to show cause would add nothing to the full presentation already made." (*San Diego Wholesale Credit Men's Assn.* v. *Superior Court* (1973) 35 Cal.App.3d 458, 465 [110 Cal.Rptr. 657].) A peremptory writ of prohibition is proper (Code Civ. Proc., §§ 1088, 1105; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165]; *Bolles* v. *Superior Court* (1971) 15 Cal.App.3d 962, 963 [93 Cal.Rptr. 719]; 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 149, p. 3919) and should issue.

Let a peremptory writ of prohibition issue restraining the Stanislaus County Superior Court from taking any further proceedings other than dismissals against petitioners.