[Crim. No. 38996. Second Dist., Div. Five. July 21, 1982.]

In re LARRY C., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
LARRY C., Defendant and Appellant.

**COUNSEL**

Tibor Toczauer, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, William R. Pounders and Robert S. Henry, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**FEINERMAN, P. J.**—After his motion to suppress evidence was denied, Larry C., a minor, admitted the allegations of a petition alleging that he had committed a murder, an attempted robbery and a robbery.

He was adjudged to be a ward of the juvenile court, pursuant to section 602 of the Welfare and Institutions Code, and was committed to the California Youth Authority.

The issue before us is the validity of the trial court's ruling denying the minor's motion to suppress incriminating statements made by him after he was arrested in his home pursuant to an arrest warrant. The minor contends that his statements were the fruit of an illegal arrest because the affidavit in support of the arrest warrant did not contain sufficient facts to support a determination of probable cause and was insufficient as a matter of law.

The affidavit in support of the arrest warrant was prepared by Officer R. Fesperman, a detective attached to the homicide division of the Los Angeles Police Department. The investigative report reflected the fact that the two victims, Mendoza and Espinoza, were walking home from a grocery store when they were confronted by three male blacks who demanded money. One of the malefactors held a gun on the victims, while the other two attempted to rob them. One hundred and ten dollars was taken from Espinoza. When Mendoza started to fight back, he was shot in the face and died.

Attached to Officer Fesperman's affidavit were the statements of Chester Hill and John Daniels. Hill was one of the suspects in the robbery-murder who had been taken into custody. In his statement Hill admitted being present at the time the crime was committed. He stated that a Harold Parks was the trigger man and that the minor, Larry C., assisted Parks in the robbery. John Daniels' statement was a recital of a conversation with Harold Parks wherein Parks admitted shooting a "Mex guy" he was attempting to rob. Parks also told Daniels that Chester Hill might be in police custody. No mention was made of the minor, Larry C. However, there was an indication that at least one other individual had participated in the crime.[1]

At the hearing held to consider the minor's suppression motion, it was revealed that Chester Hill's statement to the police was obtained in a plea bargain arranged between the deputy public defender representing Hill and the district attorney.[2]

---

[1]Parks told Daniels that "they broke and ran" after the shooting.

[2]Deputy Public Defender Bardsley testified that the plea bargain was that if Hill gave to the district attorney and the police a "full and honest statement of the affair

Officer Fesperman testified that he did not include the Hill plea bargain data in his affidavit for the arrest warrant because "[i]t was not part of his statement." When he was asked whether or not the plea bargain reflected on Chester Hill's credibility, Officer Fesperman responded, "The only thing it meant to me is that he would be truthful." On cross-examination the officer stated that he did not think the Hill plea bargain would have to be "part of the Ramey [arrest] warrant itself." He reached this conclusion because "this [the plea bargain] was something that had been arranged prior to the time the statement was even taken."

Officer Fesperman was also asked on cross-examination why he had not advised the magistrate that Chester Hill had been arrested twice, once on April 21, 1980, and a second time on May 9, 1980. In his reply Fesperman stated that no case was filed by the district attorney after the first arrest and Hill was released. The officer denied intentionally leaving the information out of the report to prejudice the minor.

The trial court ruled that the facts concerning the plea bargain were not intentionally omitted by the officer. The court applied the "add and retest" rule, adding the omitted facts regarding the plea bargain to the affidavit and retesting it to determine the probable cause issue. It concluded that there was sufficient corroboration by other facts and circumstances to support probable cause for the issuance of the arrest warrant and denied the motion to suppress.

The minor contends that the testimony produced at the suppression hearing established that the facts omitted from the supporting affidavit were material and resulted in misleading the magistrate. He also contends that the trial court erred in applying the "add and retest" rule because the officer had recklessly omitted material facts from the affidavit, and that the court's finding of corroboration was unsupported by the facts and law.

■ At the outset we wish to make clear that we deem the case law permitting a defendant to attack a facially sufficient search warrant af-

---

which caused his arrest, and if, because of that statement, arrest and search warrants could be obtained to arrest the other people involved in that incident, and if it became necessary he were to testify truthfully on behalf of the People at any prosecutions growing out of the arrest of the other participants then he would be allowed to plead guilty to one count of robbery, the murder count would be dismissed and the plea was open, in the sense that the Superior Court Judge who would sentence Mr. Hill would have full discretion to sentence him to either state prison or to something less."

fidavit on grounds that it is incomplete, even though it contains no affirmative falsehoods[3] equally applicable to arrest warrants. The amalgam of the holdings in *People* v. *Sesslin* (1968) 68 Cal.2d 418 [67 Cal. Rptr. 409, 439 P.2d 321] and *People* v. *Ramey* (1976) 16 Cal.3d 263 [127 Cal.Rptr. 629, 545 P.2d 1333] mandates this conclusion.

In *Sesslin* it was held that "... *Giordenello* [*Giordenello* v. *United States* (1958) 357 U.S. 480 (2 L.Ed.2d 1503, 78 S.Ct. 1245)] and *Aguilar* [*Aguilar* v. *Texas* (1964) 378 U.S. 108 (12 L.Ed.2d 723, 84 S.Ct. 1509)] must be read together as formulating the requirements of the Fourth Amendment for valid arrest as well as search warrants...." (*People* v. *Sesslin, supra*, 68 Cal.2d 418, 424.) In *Ramey* the court held that "... the protection of article I, section 13, of the California Constitution and the Fourth Amendment of the federal Constitution against violation of the right of the people to be secure in their persons and houses against unreasonable seizures applies to arrests within the home, and that warrantless arrests within the home are per se unreasonable in the absence of exigent circumstances." (*People* v. *Ramey, supra*, 16 Cal.3d 263, 275-276.)

*Was there an intentionally misleading omission of a material fact in the affidavit for the arrest warrant?*

Our initial inquiry is directed to the materiality of the information omitted regarding the Hill plea bargain and his two arrests. In *People* v. *Kurland, supra*, 28 Cal.3d 376, the opinion states at pages 384-385: "An affidavit need not disclose every imaginable fact however irrelevant. It need only furnish the magistrate with information, favorable and adverse, sufficient to permit a reasonable, common sense determination whether circumstances which justify a search are probably present. [Citations.] [¶] ... We conclude, ... that facts are 'material' and hence must be disclosed if their omission would make the affidavit *substantially misleading.* On review under section 1538.5, facts must be deemed material for this purpose if, because of their inherent probative force, there is a substantial possibility they would have altered a reasonable magistrate's probable cause determination."

██  In the case at bench the trial judge agreed with the contention of the minor that the omitted information was material. We concur. The

---

[3]Cases such as *People* v. *Kurland* (1980) 28 Cal.3d 376, 384 [168 Cal.Rptr. 667, 618 P.2d 213]; *People* v. *McFadin* (1982) 127 Cal.App.3d 751, 761 [180 Cal.Rptr. 4]; *People* v. *Joubert* (1981) 118 Cal.App.3d 637, 650 [173 Cal.Rptr. 428].

fact that Chester Hill was permitted to enter a guilty plea to one count of robbery and have his murder charge dismissed was a factor bearing on his credibility and the reliability of the information given by him to the police.

The suppression hearing was held prior to the rendition of the *Kurland* opinion wherein a modified version of the *Theodor-Cook*[4] formula for culpability for material omissions in affidavits for search warrants was set forth. *Theodor* and *Cook* described misstatements as "reasonable," "negligent," and "intentional," applying the exclusionary rule in accordance with the findings. Concomitantly, various Courts of Appeal held that an affidavit may be insufficient when it omits facts adverse to the warrant application. (*People v. Neusom* (1978) 76 Cal.App.3d 534, 538-539 [143 Cal.Rptr. 27]; *Morris v. Superior Court* (1976) 57 Cal. App.3d 521, 526 [129 Cal.Rptr. 238]; *People v. Barger* (1974) 40 Cal. App.3d 662, 668-669 [115 Cal.Rptr. 298].) ■ Those courts held that material facts "negligently" omitted must be added to the affidavit by the reviewing court and the affidavit then tested for probable cause. "Intentional" omissions of material facts were deemed to require an automatic quashing of the warrant.

The *Kurland* modification requires the trial court to determine whether the material omission was either (1) reasonable, (2) negligent, or (3) recklessly inaccurate or intentionally misleading. As the court stated, "That the omission itself was 'intentional' rather than inadvertent may be relevant to those issues, but may not alone be dispositive." (*People v. Kurland, supra*, 28 Cal.3d 376, 388.) The court concluded "... Something more than mere intent to omit is required to justify the conclusion that statements that do appear in the affidavit may not be trusted." (*Ibid.*)

■ In this case the trial court found the omissions were not intentional. Although it did not say so, by inference it is clear that it found the omissions to be negligent. We agree. ■ "Negligent omissions of material fact occur when the affiant is unreasonably ignorant of facts, unreasonably forgets to include them, or makes a good faith but unreasonable decision that they need not or should not be included. In such case the 'add and retest' formula ... is proper." (*People v. Kurland, supra*, 28 Cal.3d 376, 388.)

---

[4]See *Theodor v. Superior Court* (1972) 8 Cal.3d 77 [104 Cal.Rptr. 226, 501 P.2d 234] and *People v. Cook* (1978) 22 Cal.3d 67 [148 Cal.Rptr. 605, 583 P.2d 130].

Officer Fesperman testified that he could not see any reason to include the facts of the plea bargain in the affidavit. Since the plea bargain was not part of Hill's statement, the officer concluded that there was no proper place in the affidavit to include this information. We believe his decision was an unreasonable one, but, on the record before us, we must conclude that the officer acted in good faith and without any intention to mislead the magistrate. The records submitted to the magistrate reflected Chester Hill's status as a murder and robbery suspect. Moreover, when the "add and retest" formula was applied by the trial judge, it revealed all of the facts of the plea bargain, including the fact that the People would not be bound by the plea bargain if it was found that Hill had given them a false statement. This condition provided some intrinsic guarantee of trustworthiness in the statement obtained from Hill.

*Was the affidavit sufficient to support the trial court's finding of probable cause to issue the arrest warrant?*

The trial court found there was sufficient corroboration of Hill's statement by "other facts and circumstances" to support probable cause for the issuance of the arrest warrant.

We do not agree with the contention of the People that Hill's statement to the police was a declaration against penal interest that obviated the necessity for independent corroboration to establish probable cause. First, cases such as *Ming v. Superior Court* (1970) 13 Cal.App.3d 206 [91 Cal.Rptr. 477] are not applicable because the declarant herein was in custody and his statement was made to a police officer. In *Ming*, the declarant was not in custody and was totally unaware that he was talking to a law enforcement officer. Second, in *People v. Leach* (1975) 15 Cal.3d 419, at page 441 [124 Cal.Rptr. 752, 541 P.2d 296], the court construed Evidence Code section 1230 (declarations against interest) "to be inapplicable to evidence of any statement or portion of a statement not itself specifically disserving to the interests of the declarant." A statement which is in part inculpatory and in part exculpatory (e.g., one which admits some complicity but places the major responsibility on others) does not meet the test of trustworthiness and is thus inadmissible. (See *People v. Bullard* (1977) 75 Cal.App.3d 764, 770 [142 Cal.Rptr. 473]; *People v. Coble* (1976) 65 Cal.App.3d 187, 191 [135 Cal.Rptr. 199]; *People v. Shipe* (1975) 49 Cal.App.3d 343, 354 [122 Cal.Rptr. 701]; Witkin, Cal. Evidence (2d ed., 1982 supp.) p. 227.) In the instant case Hill admitted being present when the crime was com-

mitted, but he placed the onus for the commission of the offense on the other two participants, Parks and the minor, Larry C. Hill's statement would be admissible against himself, but it could not be used against Larry C.

■ We now focus on the other evidence available to the magistrate. The investigative report has on it the information obtained from the surviving victim, Espinoza. He described the number of participants and gave descriptions of them to the police. Daniels' statement did not specifically implicate the minor, but it did corroborate much of the information in Hill's statement. The same shooter was named, the fact that the victims were of Mexican ancestry was indicated, and the fact that Parks was not alone in the commission of the crime can be deduced from the statement. Considered as a whole, we believe that the trial judge could properly conclude that there were sufficient corroborative facts to substantiate the information provided in the statement of Chester Hill.

It is the function of the trial court, not the reviewing court, to appraise and weigh the evidence presented in the warrant for arrest. ■ "The warrant can be upset only if the affidavit fails as a matter of law to set forth sufficient competent evidence supportive of the magistrate's finding of probable cause . . . ." (*People* v. *Stout* (1967) 66 Cal.2d 184, 193 [57 Cal.Rptr. 152, 424 P.2d 704].)

■ We find that the affidavit herein was sufficient to meet the test set forth above and that the trial court properly denied the motion to suppress.

The judgment is affirmed.

Stephens, J., and Hastings, J., concurred.