[Civ. No. 34183. Fourth Dist., Div. Three. Apr. 6, 1984.]

WILLIAM EDWARD THARP, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

216

COUNSEL

Ronald Y. Butler, Public Defender, Frank Scanlon, James Dean Allen and Hector M. Chaparro, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Cecil Hicks, District Attorney, Michael R. Capizzi, William M. Bedsworth and Craig McKinnon, Deputy District Attorneys, for Real Party in Interest.

OPINION

**SONENSHINE, J.**—Petitioner William Edward Tharp seeks a writ of mandate to compel the Orange County Superior Court to grant his motion to set

aside an information (Pen. Code, § 995)[1] charging him with possession of cocaine (Health & Saf. Code, § 11350), possession of cocaine for sale (Health & Saf. Code, § 11351) and possession of marijuana for sale (Health & Saf. Code, § 11359). The sole issue presented is whether the trial court properly remanded the instant felony prosecution to the committing magistrate to correct minor errors pursuant to newly enacted section 995a, subdivision (b).[2]

I

Police executed a search warrant on petitioner's home, the fruits of which formed the entire basis for the charges alleged in both a complaint and subsequent information. In the affidavit in support of the warrant, a police officer described a number of drug purchases alleged to have been made between a confidential informant (designated FM-210) and petitioner. The affidavit further contained a description of a "controlled buy" made while the police watched petitioner's home. They saw the informant, who had been searched and provided with marked money, enter the home and later exit with cocaine sans money. The affidavit alleged the informant was reliable based upon the controlled purchase, the informant's long, personal history of drug use,[3] and the allegation he had voluntarily sought out the police seeking to assist them in making drug arrests.

At the hearing on a motion to traverse and quash the search warrant held prior to petitioner's preliminary examination, the only contested issue was whether the affidavit contained all information possessed by the police on the credibility of the informant. Specifically, petitioner argued anyone with such extensive drug involvement had to have criminal arrests and convic-

---

[1]All statutory references are to the Penal Code unless otherwise stated.

[2]Penal Code section 995a, subdivision (b) states: "(1) Without setting aside the information, the court may, upon motion of the prosecuting attorney, order further proceedings to correct errors alleged by the defendant if the court finds that such errors are minor errors of omission, ambiguity, or technical defect which can be expeditiously cured or corrected without a rehearing of a substantial portion of the evidence. The court may remand the cause to the committing magistrate for further proceedings, or if the parties and the court agree, the court may itself sit as a magistrate and conduct further proceedings. When remanding the cause to the committing magistrate, the court shall state in its remand order which minor errors it finds could be expeditiously cured or corrected. [¶] (2) Any further proceeding conducted pursuant to this subdivision may include the taking of testimony and shall be deemed to be a part of the preliminary examination. [¶] (3) The procedure specified in this subdivision may be utilized only once for each information filed. Any further proceedings conducted pursuant to this subdivision shall not be deemed to extend the time within which a defendant must be brought to trial under Section 1382."

[3]The affidavit alleged the informant, ". . . ha[d] used various narcotics in the past (8) eight years; this include[d] the use of marijuana in excess of one-thousand [*sic*] (1000) times, cocaine in excess of one-hundred [*sic*] (100) times, LSD, amphetamines and eating psilocybin mushrooms in excess of fifty (50) times . . . ."

tions, and if the police recklessly or intentionally omitted this information from the affidavit, the warrant as a matter of law had to be quashed. (*People v. Cobb* (1983) 146 Cal.App.3d 290 [194 Cal.Rptr. 96].) Petitioner asked three questions,[4] but the magistrate sustained relevancy objections to each one. Petitioner's motion to suppress was denied and he was held to answer.

In superior court, petitioner sought to have the information set aside (§ 995). ■ The trial court properly held the evidentiary objections should have been overruled. Although real party in interest persists in arguing the questions would have elicited wholly irrelevant information, it has been consistently held the criminal background and present circumstances bearing upon an informant's credibility are relevant areas of inquiry. (*People v. Kurland* (1980) 28 Cal.3d 376 [168 Cal.Rptr. 667, 618 P.2d 213]; *People v. Cobb, supra,* 146 Cal.App.3d 290; *In re Larry C.* (1982) 134 Cal.App.3d 62 [184 Cal.Rptr. 505]; *People v. Flores* (1982) 128 Cal.App.3d 512 [180 Cal.Rptr. 368].) Further, petitioner's concession to the magistrate that juvenile convictions are inadmissible for purposes of impeachment was unnecessary. The United States Supreme Court long ago held to the contrary. (*Davis v. Alaska* (1974) 415 U.S. 308 [39 L.Ed.2d 347, 94 S.Ct. 1105].)

The superior court additionally found the restriction of cross-examination denied petitioner a substantial right. (*Jennings v. Superior Court* (1967) 66 Cal.2d 867 [59 Cal.Rptr. 440, 428 P.2d 304].) The purpose of petitioner's line of questioning was to elicit whether the affiant was in possession of information bearing upon the informant's credibility and not disclosed in the affidavit. Whether the magistrate, trial court, or appellate court ultimately utilizes a *Kurland* standard (*People v. Kurland, supra,* 28 Cal.3d 376 [reckless or intentional omission of such information requires quashing the search warrant]) or the federal approach (*Franks v. Delaware* (1978) 438 U.S. 154 [57 L.Ed.2d 667, 98 S.Ct. 2674] [adding and retesting the warrant])[5] is academic. Since the magistrate precluded inquiry into what was clearly relevant cross-examination, petitioner was ultimately prevented from testing the search warrant. (*Cuevas v. Superior Court* (1976) 58 Cal.App.3d 406 [130 Cal.Rptr. 238].)

Rather than set aside the information, however, the superior court concluded the error was minor and instituted procedures provided for in section

---

[4]"[H]ad this person FM-210 been arrested?

"At any time of your—had this person, FM-210 been convicted of any juvenile offenses?

"Were there any cases or criminal matters pending against FM-210 at the time that you were using him as a confidential informant?"

[5]Deciding, as we do, the questions posed were relevant under either standard, we do not reach real party in interest's suggestion we issue an advisory opinion on which test is applicable under Proposition 8, California Constitution article I, section 28, subdivision (d).

995a, subdivision (b). When petitioner would not stipulate to the superior court "sit[ting] as magistrate," the matter was remanded to the committing magistrate. We stayed proceedings and issued an order to show cause.[6]

## II

The Legislature amended section 995a to permit, on motion of the prosecutor,[7] the remand of a felony prosecution to the committing magistrate to correct minor errors of omission, ambiguity or technical defect in the commitment. The circumstances when section 995a may be utilized are further limited to instances where the error is expeditiously correctable without a substantial rehearing of the testimony.

Historically, trial courts have been prohibited from remanding felony prosecutions to correct errors in the commitment. In *Burnett* v. *Superior Court* (1974) 12 Cal.3d 865 [117 Cal.Rptr. 556, 528 P.2d 372], the Supreme Court ordered the trial court to rule on defendant's motion to set aside the information rather than remand errors in the commitment to the magistrate for correction. The court concluded section 997 did not authorize a remand to correct anything more than a procedural irregularity or inadvertency not encompassing a judicial act. (*Id.*, at pp. 872-873.) Under *Burnett*, a magistrate was no more empowered to correct post bind over judicial error than a trial court was authorized to correct post judgment judicial error.

Whether section 995a, subdivision (b) is an attempt by the Legislature to codify *Burnett* or to nullify *Burnett* to permit correction of some species of judicial error is open to speculation. (See *Butler* v. *Superior Court* (1984) 151 Cal.App.3d 622 [198 Cal.Rptr. 741].) Unfortunately, finding a bright line of demarcation to provide courts with guidelines in applying section 995a is an impossible task.[8] We therefore join those who came before us attempting to apply section 995a to particular facts.[9]

---

[6]For unexplained reasons, petitioner did not seek a peremptory writ in the first instance and real party in interest never filed a return. (Code Civ. Proc., § 1089.) We therefore assume the facts set forth in petitioner's verified petition are true.

[7]Petitioner urges the granting of a writ of mandate solely on the basis section 995a, subdivision (b)(1) requires a prosecutorial request as a condition precedent to the trial court's order remanding for further proceedings. Although procedurally the trial court acted improperly in remanding on its own motion, we recognize the waste in judicial resources involved in issuing a writ only to be faced with the substantive issues moments after the prosecutor seeks a remand.

[8]The statute lends itself to an "I know it when I see it" approach. (*Jacobellis* v. *Ohio* (1964) 378 U.S. 184 [12 L.Ed.2d 793, 84 S.Ct. 1676], *Miller* v. *California* (1973) 413 U.S. 15, 40 [37 L.Ed.2d 419, 440-441, 93 S.Ct. 2607].)

[9]The advance sheets are strewn with the unsuccessful.

■ We begin by identifying the type of error committed. As noted, the magistrate, by sustaining relevancy objections to questions designed to test the integrity of the search warrant, effectively denied petitioner the right to seek suppression of evidence at the preliminary examination. The error was not "of ambiguity"; *the actions of the magistrate were clear and unequivocal*. Similarly, the error was not "of technical defect," as where the magistrate simply fails to sign the commitment order (§ 872). The issue narrows to whether the magistrate's evidentiary ruling is a minor *omission*.

In *Butler* v. *Superior Court, supra,* 151 Cal.App.3d 622,[10] the magistrate improperly sustained a hearsay objection to the testimony of a police officer who was asked to describe a radio broadcast supplying probable cause for arrest. The effect of the erroneous ruling and the magistrate's subsequent denial of Butler's motion to suppress was to violate the Harvey-Madden requirement the informant or dispatcher testify to the facts supplying probable cause. (*People* v. *Madden* (1970) 2 Cal.3d 1017 [88 Cal.Rptr. 171, 471 P.2d 971].) The trial court, on a motion to set aside the information (§ 995), remanded to the committing magistrate to either permit the answer or allow additional testimony. In denying a writ of mandate, the appellate court held the magistrate's erroneous evidentiary ruling was an omission, minor in nature and expeditiously curable.

We cannot accept the notion an evidentiary ruling can be characterized as an omission, no matter how minor. The evidence excluded by the magistrate in *Butler* and in the instant proceeding *resulted* in the omission of critical[11] evidence, but the error itself was not "of an omission" as required by section 995a. ■ We must construe statutes according to their fair import, with a view to effect their objective and promote justice. (§ 4; cf. *Carlos* v. *Superior Court* (1984) 35 Cal.3d 131 [197 Cal.Rptr. 79, 672 P.2d 862].) ■ An omission is the act of failing to include, of forgetting. (The American Heritage Dict. (College Ed. 1982) p. 867.) The errors in *Butler* and the instant proceeding are anything but omissions.

■ The magistrate's erroneous evidentiary ruling was the direct result of the prosecutor's attempt to limit inquiry into the affiant's knowledge regarding the informant's background. The prosecutor, for reasons we are not privy to, purposely objected to the admission of relevant information. The magistrate in turn excluded the evidence. Without question, the error was the result of volitional decisions, unequivocal in nature. Since the error does not satisfy the "of omission" requirement of section 995a, subdivision (b), a remand to the committing magistrate is therefore not authorized.

---

[10]We note *Butler* is not final.

[11]The evidence is critical when viewed in light of the denial of the motion to suppress evidence.

The alternative writ is discharged. Let a peremptory writ of mandate issue directing the superior court to rule on the motion to set aside the information according to the views expressed above.

Trotter, P. J., and Crosby, J., concurred.