[No. F003442. Fifth Dist., July 19, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
PEDRO ORTIZ RIVAS, Defendant and Appellant.

314

**COUNSEL**

Rose & Arnold, Ronald W. Rose, Mark A. Arnold, Carleen R. Arlidge and John Wadsworth for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and J. Robert Jibson, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**WOOLPERT, Acting P. J.**—After a trial by the court, defendant was convicted of one count of possession of cocaine for the purpose of sale. (Health & Saf. Code, § 11351.) Defendant appeals from the judgment of conviction, claiming certain pretrial rulings by the magistrate and the trial court operated to deny him his right to challenge the accuracy of an affidavit which was used to obtain a search warrant for his residence. We conclude that defendant was denied a reasonable opportunity to challenge the affidavit.

PROCEDURAL HISTORY

After being arrested and charged, defendant made a motion for pre-preliminary examination discovery. The motion sought various documents, allegedly held by the prosecution, which defendant believed might undermine certain statements contained in the search warrant affidavit; specifically, the statements alleging a particular confidential informant had been a reliable source of information to the police in other cases. The motion was granted for numerous items, but was denied for many others.

Defendant unsuccessfully petitioned the superior court for a writ of mandate to compel discovery of the remaining items. Defendant then unsuccessfully petitioned this court for the same writ of mandate. We denied the petition, exercising "our discretion in original proceedings to deny review of the difficult issues raised by the petition" at that early stage of the proceedings.

A preliminary examination was held, during which defendant was restricted in his cross-examination of the search warrant affiant concerning the reliability of the confidential informant. Defendant was held to answer on the charge.

Later, in superior court, defendant filed a motion to set aside the information (Pen. Code, § 995),[1] challenging the magistrate's partial denial of his discovery motion, as well as the magistrate's restriction of defendant's inquiry at the preliminary examination into the reliability of the confidential informant. This motion likewise was denied.

Next, defendant filed a petition for a writ of prohibition with this court, challenging the denial of his section 995 motion. The same day, however, defendant waived his right to a jury trial and submitted the question of his guilt to the superior court based upon the transcript of his preliminary ex-

---

[1]All statutory references are to the Penal Code unless otherwise indicated.

amination. Defendant was found guilty of the charge and, ultimately, was sentenced to state prison for the middle term of three years. This court subsequently denied defendant's petition for a writ of prohibition when it learned that defendant's trial had already taken place. Defendant appeals from the judgment of conviction.

## THE FACTS

Police officers searched defendant's residence, pursuant to a search warrant, and found a quantity of cocaine in his bedroom. The affidavit which was used to obtain the search warrant for defendant's residence relied heavily upon information supplied to the police by a confidential informant. The affidavit included the following statement to establish the reliability of the informant: "In the past six months, the informant has furnished your affiant with information which, through investigation, has led to the arrest of at least two persons for narcotic and dangerous drug violations. Further, that during the past six months, this informant has furnished your affiant with information which, through investigation, has led to the seizure of dangerous drugs and narcotics." The affidavit further alleged that the informant had been paid a sum of money by the police in exchange for his information and that the informant was familiar with narcotics and dangerous drugs based upon his prior use and experience with them.

At the hearing on defendant's discovery motion, the prosecutor stipulated that discovery should be granted for several items[2] but contested the request for numerous others. The contested items included:

"9. All reports and notes regarding the information furnished by the informant in the six months prior to the affidavit which has led to the arrest of persons and the seizure of drugs . . .;

"10. All reports regarding the arrest of the two persons which resulted from informant's information . . .;

"11. All reports regarding the seizure of dangerous drugs and narcotics which resulted from informant's information . . .;

"12. Any search warrants, together with their affidavits and returns, which resulted from informant's information . . .;

"13. Rap sheets showing all felony convictions as to the informant who is referred to in the search warrant affidavit;

---

[2]The prosecutor stipulated that discovery should be permitted for items 2, 3, 4, 5, 6 as modified, and 8.

"14. Police reports of any cases pending against the informant at the time when the information about defendant Rivas was given;

"15. All pay vouchers of payments made for compensation or expenses to the informant for information supplied herein;

"16. All promises, representations or assurances, whether or not reduced to writing, given in exchange for information supplied by the informant herein."

Defense counsel prefaced his arguments in favor of permitting discovery of these items by stating that the motion was not an attempt to discover the identity of the confidential informant and that defense counsel would be willing to have any references to the identity of the informant deleted from the requested materials before they were turned over to him. The prosecutor objected to permitting discovery of the disputed items, claiming the defense requests were simply a veiled attempt to obtain information which would allow the defense to discover the identity of the informant. In response, defense counsel suggested the court could examine the disputed materials in an *in camera* hearing in order to prevent documents which might permit discovery of the informant's identity from being turned over to the defense. The magistrate denied discovery of the disputed items on the ground that the motion was no more than an attempt to learn the informant's identity.

At the preliminary examination, defense counsel attempted to question the search warrant affiant, Detective Stanley Mosley, about his representations in the search warrant affidavit that the informant had proved himself to be a reliable source of information for the police. The prosecutor objected, challenging the relevance of the defense questioning. After some discussion between defense counsel and the magistrate, the magistrate refused to permit any questioning of the officer about the prior reliability of the informant or anything else that would go behind the face of the search warrant affidavit.[3]

---

[3]The entire discussion proceeded as follows:
"MR. ROSE [Defense Counsel]: Your Honor, I am going to attempt to develop by questioning whether or not the information provided by the informant was reliable and the factors under which it was reliable.
"THE COURT: It would be my understanding of the law if you wish to go behind the search warrant, that you have to make a prima facie showing of some inaccuracy or omission in the search warrant; and to this point, there has been none, and so I would think that these questions aren't properly posed at this time. I think you have to go forward with your prima facie showing first.
"MR. ROSE: My position is as reflected by the transcript of the hearing, the discovery hearing, and—and my points and authorities, that the items which I was denied by Judge Condley were the predicate items I needed to make my prima facie showing here. As I

Later, defense counsel made a motion to dismiss the information in the superior court, challenging the magistrate's denial of the defense discovery request as well as the restriction of cross-examination of Detective Mosley at the preliminary hearing. Defense counsel argued the pre-preliminary hearing discovery was essential to any subsequent defense attempts to bring a motion to traverse the search warrant affidavit. Counsel explained to the court that without the discovery, he would be unable to make the preliminary showing, required by *Theodor* v. *Superior Court* (1972) 8 Cal.3d 77, 103 [104 Cal.Rptr. 226, 501 P.2d 234], to show the affidavit contains inaccuracies before he could obtain a hearing on a motion to traverse the warrant.

Here again, the prosecutor argued against permitting discovery by claiming the requested information would allow defendant to determine the identity of the confidential informant. The trial court inquired of the prosecution whether the requested information could be screened by the court *in camera* in order for the court to excise those portions of the materials which might possibly lead to the discovery of the informant's identity.

After extensive arguments between both counsel and the court, the matter was submitted for decision. The following day the motion was denied on the ground that defendant was not entitled to discovery concerning the facts alleged in the affidavit or to cross-examine the affiant regarding the reliability of the informant without first satisfying the *Theodor* requirement to show that the affidavit contained inaccuracies.

## I.

### Denial of Defendant's Discovery Requests

On appeal defendant renews his claim that discovery of items 9–16 was necessary for him to exercise his right to controvert the facts contained in

---

understand the Court, the Court is preventing me from questioning on the contact that this officer had with the affiant, with the informant prior to the date of the execution of the affidavit.

"The Court: I may go further. I think I would prevent your attack on this warrant other than anything—or preventing any questioning concerning the warrant that goes to the propriety of the warrant other than the alleged insufficiency of the affidavit in and of itself.

"Mr. Rose: On its face.

"The Court: On its face.

"Mr. Rose: The Court is not allowing me to question in any regard concerning prior reliability of the informant or any contact or anything that would go behind the search warrant face?

"The Court: That's correct, no permission to question any witness. You can make any arguments based on lack of credibility of the informant contained—only based on what's contained in the affidavit that was presented to the magistrate that issued the warrant.

"Mr. Rose: Fine.

"The Court: I take it when you say 'fine,' you don't mean you are accepting that ruling and agreeing with it, but that you are ready to move on to the next area of questioning.

"Mr. Rose: That's correct."

the search warrant affidavit. Defendant claims he needed items 9–12 in order to confirm whether the informant in fact provided the police with information within the six-month period prior to his arrest resulting in the arrest of two suspects and the seizure of dangerous drugs. Defendant claims he needed items 13–16 to determine whether the affidavit omitted any material information bearing negatively upon the informant's credibility in the present case. Defendant again asserts that without this discovery, he has no way to obtain the information needed to make a prima facie showing that the affidavit is inaccurate. Defendant points out that unless he can make such a preliminary showing, he is precluded by *Theodor* v. *Superior Court, supra,* 8 Cal.3d 77, and *Franks* v. *Delaware* (1978) 438 U.S. 154 [57 L.Ed.2d 667, 98 S.Ct. 2674], from obtaining a hearing to challenge the accuracy of the search warrant affidavit.

The People argue the magistrate correctly refused the discovery requests because the disputed information would tend to reveal the informant's identity. ▇▇ ▇▇▇▇ Additionally, the People claim that items 13, 14 and 15 would have been cumulative of negative information about the informant which was already included in the search warrant affidavit; specifically, those statements acknowledging that the informant was paid for his information and that he has "past experience" with drugs, suggesting prior criminal involvement on his part.[4]

▇▇▇ In *Theodor* v. *Superior Court, supra,* 8 Cal.3d 77, our Supreme Court acknowledged the statutory right of a defendant, under section 1538.5, to challenge the factual veracity of an affidavit in support of a warrant. (*Id.,* at pp. 100-101.) The Supreme Court placed the burden of proof on the defense to show the affidavit is inaccurate. (*Id.,* at p. 101.) The court placed the additional burden on the defense to make a prima facie showing, with some specificity, that the affidavit contains inaccuracies, before a hearing is required to test the veracity of the affidavit. (*Id.,* at p. 103.) This latter principle has been restated in several subsequent cases, including *People* v. *Cook* (1978) 22 Cal.3d 67, 92 [148 Cal.Rptr. 605, 583 P.2d 130], and *People* v. *Kurland* (1980) 28 Cal.3d 376, 390 [168 Cal.Rptr. 667, 618 P.2d 213], certiorari denied *Kurland* v. *California* (1981) 451 U.S. 987 [68 L.Ed.2d 844, 101 S.Ct. 2321].

---

[4]Defendant failed to renew his discovery motion in the superior court following the denial of his motion to dismiss. Defendant's failure to renew the discovery motion in the superior court raises the question whether he can now challenge the magistrate's ruling, absent some showing how the ruling prejudiced him at trial. (*People* v. *Pompa-Ortiz* (1980) 27 Cal.3d 519, 529-530 [165 Cal.Rptr. 851, 612 P.2d 941].) However, the municipal court ruling on the prepreliminary hearing discovery motion so infected the preliminary hearing as to require the granting of defendant's motion to dismiss. Further, the superior court's decision denying the motion to dismiss made it apparent that any further defense attempts to raise the discovery matter in the superior court would have been futile. Consequently, we conclude defendant is entitled to raise the matter on appeal.

In *Franks* v. *Delaware, supra,* 438 U.S. 154, the United States Supreme Court recognized that a defendant has a Fourth Amendment right to a hearing to challenge the veracity of statements contained in a search warrant affidavit *if* "the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit . . . ." (*Id.,* at pp. 155-156 [57 L.Ed.2d at p. 672].)

■■■ The type of showing required to trigger the constitutional right to a hearing is clearly set forth in the *Franks* decision: "To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. . . . Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing." (*Id.,* at pp. 171-172 [57 L.Ed.2d at p. 682], fn. omitted.) Thus, under both the state and federal standards, a defendant's opportunity to secure a hearing rests in large part upon his ability to discover whether the affidavit contains inaccuracies, in order that he may make a sufficient preliminary showing of same. It is his right to adequate discovery with which we are concerned in this case.

Here, the magistrate denied the discovery motion on the ground the discovery requests were nothing more than an attempt to learn the informant's identity. The trial court denied the section 995 motion on the ground that defendant was not entitled to discovery unless he had made a preliminary showing that the warrant affidavit contained inaccuracies, citing *Theodor* v. *Superior Court, supra.* Neither ground was appropriate for denying either motion under the facts in this case.

The first ground is unfounded in light of defense counsel's consistent call for the magistrate and for the trial court to view the requested materials *in camera* so that a neutral party could excise those portions of the materials which might enable defendant to discover the identity of the confidential informant. Defense counsel was willing to submit the documents for pre-

screening by the courts. Neither lower court chose to review the disputed materials. Unless it reviewed the materials, the court could only speculate about whether any discovery would tend to identify the informer.

We need not engage in a lengthy discussion of the often competing and conflicting interests of the parties concerned. Courts have long approved the government's contention that informants are necessary and would not remain an available source of assistance to law enforcement if not provided anonymity. Disclosure of the informant's identity may be a necessary consequence of the informant's being a potential witness. Disclosure of the informant's identity is not required if the accused's challenge only goes to the probable cause underlying the search warrant.

Likewise, defense discovery is important for many reasons. When the challenge is to the accuracy of the affiant's statements concerning the informant, the competing interests of the government and defendant can be accommodated to avoid disclosure of identity. The customary solution is an *in camera* review by the court. (See *People* v. *Kurland, supra,* 28 Cal.3d 376, 394-395, fns. 11 and 12.)

It is true that defendant must make some showing of the potential infirmities he proposes to demonstrate before he can be permitted to engage in a hearing on the accuracy of the affidavit which otherwise would be no more than a fishing expedition. (*Theodor* v. *Superior Court, supra,* 8 Cal.3d 77, 102-104.) In this case the challenge was to the accuracy of the affiant's statements about the informant's reliability. Obviously, if the identity of the informant is unknown to defense counsel, and if the affidavit is a bare bones one in conclusionary terms, defendant can do little to challenge the informant's reliability except in similar conclusionary terms. However, by using the traditional discovery means employed in California courts, the defendant may more meaningfully bring about a challenge to the basis for the search warrant.

Information from "tipsters" is viewed with caution. The magistrate is to distrust such information. (*People* v. *Kurland, supra,* 28 Cal.3d 376, 392-393.) Therefore, when there is corroborative information in the affidavit, the informant's background may be of little consequence. (*Id.,* at p. 394.) But if the informant has some unusual relationship with the case which makes his information even less reliable, that fact must be included in the information provided to the magistrate. (*Id.,* at p. 395.) Under these conditions it is particularly important that the defense discovery rights be observed, including *in camera* proceedings if necessary. Any other approach would render an affiant's conclusionary statements and opinion of the informant's reliability beyond attack.

"The in camera hearing need not be conducted as a matter of routine in each and every case in which the police claim to have had probable cause for a challenged arrest or search because of information they received from an informant. But because the protection-of-informer-anonymity interest and protection-against-police-perjury interest do not collide head on as they do when the question is whether full disclosure of the informant's identity should be made, it should not take much to prompt the suppression hearing judge to order such a hearing. If the defendant 'has fairly put in issue' the existence of the informant, whether the officer's report of the informer's prior reliability is truthful, or whether the officer's recitation of what the informant told him is correct, then an in camera hearing should be held. Nothing less will ensure that the protections of the Fourth Amendment have not been circumvented." (1 LaFave, Search and Seizure (1978) § 3.3, pp. 585-586, fn. omitted.)

 The People do not argue that discovery was prohibited by *Theodor*, or its progeny. Instead, they claim that discovery of the requested information was properly denied because it would tend to reveal the informant's identity. Since none of these materials was ever produced for examination by a neutral party, the record will not support such a conclusion.

For these reasons, we conclude defendant was entitled to discovery of the disputed items, provided that the documents are prescreened *in camera* by the lower court so as to protect the confidentiality of the informant's identity. We add the further qualification that not all of informant's background may be material. The magistrate would determine the materiality under the guidelines set forth in *Kurland. (People* v. *Kurland, supra,* 28 Cal.3d 376, 394-395.) In this way a sealed record would be preserved for review on appeal.

The order denying defendant's motion to dismiss and the judgment after trial must be reversed.

## II.

### REFUSAL TO ALLOW QUESTIONING OF THE SEARCH WARRANT AFFIANT ABOUT THE FACTS BEARING UPON THE INFORMANT'S RELIABILITY

 Next, defendant claims the trial court erred in refusing to dismiss the information on the ground that the magistrate's refusal to allow questioning of the search warrant affiant about facts bearing upon the informant's credibility denied defendant his right to test the search warrant affidavit. Additionally, defendant claims the restriction denied him his substantial right to cross-examination.

The People concede that cross-examination of the affiant should have been permitted; however, they claim the error only requires a limited remand of the case to permit defendant an opportunity to cross-examine the officer about the informant's reliability, rather than an order from this court directing the trial court to grant defendant's motion to dismiss.

The cases indicate that the information should be set aside. In *Jennings* v. *Superior Court* (1967) 66 Cal.2d 867 [59 Cal.Rptr. 440, 428 P.2d 304], our Supreme Court held that a defendant was denied a substantial due process right to cross-examine the witnesses against him, when the magistrate at the preliminary hearing restricted his cross-examination of the arresting officer upon the subject of defendant's affirmative defense of entrapment. (*Id.*, at pp. 879-880.)

In *Parsley* v. *Superior Court* (1973) 9 Cal.3d 934 [109 Cal.Rptr. 563, 513 P.2d 611], officers conducted a search of the defendant's residence, acting under a search warrant which gave them prior authorization for non-compliance with the knock/notice requirements of sections 1531 and 844. At the preliminary hearing, the defendant attempted to learn the identity of a confidential informant who had supplied information to the police which, in turn, had formed the basis for the magistrate's decision to permit advance excusal of compliance with the knock/notice requirements.

During the course of the hearing on the matter, the judge restricted defendant's attempts to cross-examine the search warrant affiant concerning these communications with the police. The Supreme Court ultimately held the judge had erred in failing to allow cross-examination on the issue of the reliability of the informant, ruling that "[f]ull cross-examination of prosecution witnesses concerning informant reliability . . . appears to be a constitutional prerequisite to invoking the informant privilege." (*Parsley, supra,* at p. 942; see also *McCray* v. *Illinois* (1967) 386 U.S. 300, 313 [18 L.Ed.2d 62, 71, 87 S.Ct. 1056], rehg. den. 386 U.S. 1042 [18 L.Ed.2d 616, 87 S.Ct. 1474].)

Most recently, in *Tharp* v. *Superior Court* (1984) 154 Cal.App.3d 215 [201 Cal.Rptr. 131], a defendant, attempting to traverse a search warrant prior to the preliminary hearing, was restricted by a magistrate in the defendant's attempts to cross-examine the search warrant affiant concerning whether the affidavit lacked material information about the informant's credibility; specifically, whether the affidavit omitted material information about the informant's criminal history. (*Id.*, at pp. 217-218.) The defendant challenged the magistrate's ruling in the superior court by way of a motion to set aside the information. (§ 995.) The superior court ruled the restriction of the questioning was improper, finding that the criminal background and

present circumstances bearing upon an informant's credibility are relevant areas of inquiry. (*Tharp, supra,* at p. 218.) The superior court additionally found the restriction of cross-examination denied the defendant a substantial right. (See *Jennings* v. *Superior Court, supra,* 66 Cal.2d 867, 879-880; *Tharp* v. *Superior Court, supra,* 154 Cal.App.3d at p. 218.) However, the superior court concluded the error was minor and simply remanded the case to the magistrate, pursuant to section 995a, subdivision (b)(1),[5] in order to permit the desired cross-examination. (*Tharp, supra,* at pp. 218-219.)

Defendant then sought a writ of mandate from the Court of Appeal to direct the superior court to set aside the information. The Court of Appeal granted the writ, agreeing with the superior court's reasoning in finding the restriction of cross-examination had unfairly prevented the defendant from testing the search warrant. (*Tharp, supra,* at p. 218.)

The Court of Appeal also held that the superior court had erred in remanding the case to the magistrate for correction under section 995a, subdivision (b)(1). The court reasoned that the magistrate's evidentiary ruling to prohibit the defendant from testing the search warrant was the result of "volitional decisions, unequivocal in nature" and, consequently, it could not qualify for simple remand under section 995a, subdivision (b)(1), since it was not merely an error of "omission, ambiguity, or technical defect." (§ 995a, subd. (b)(1); *Tharp, supra,* at p. 220.)

Applying these principles to the facts in this case, the trial court should have set aside the information on the ground that defendant had been unfairly prevented from questioning the search warrant affiant about the reliability of the informant. Here, the magistrate refused to permit any questioning about the reliability of the informant or anything else that would go behind the face of the warrant. Notably, information regarding an informant's reliability in previous cases is information which is solely within the knowledge and control of those in law enforcement. Thus, a significant way of testing the veracity of such statements in an affidavit is through questioning the search warrant affiant about them. Any rule which totally forecloses a defendant from questioning an affiant about the reliability of an informant until he has made a preliminary showing that the statements are inaccurate,

---

[5]Section 995a, subdivision (b)(1), provides: "Without setting aside the information, the court may, upon motion of the prosecuting attorney, order further proceedings to correct errors alleged by the defendant if the court finds that such errors are minor errors of *omission, ambiguity, or technical defect* which can be expeditiously cured or corrected without a rehearing of a substantial portion of the evidence. The court may remand the cause to the committing magistrate for further proceedings, or if the parties and the court agree, the court may itself sit as a magistrate and conduct further proceedings. When remanding the cause to the committing magistrate, the court shall state in its remand order which minor errors it finds could be expeditiously cured or corrected." (Italics added.)

would greatly diminish the possibility that the accuracy of such statements could ever be challenged. Accordingly, we find that the magistrate erred in restricting defendant's right to cross-examine the search warrant affiant about the confidential informant.

Although conceding the magistrate's error, the People assert this court should simply remand the case to the superior court under the general powers provision of section 1260,[6] so that defendant may be provided an opportunity to cross-examine the officer regarding the informant's reliability. However, defendant was denied the right to test the warrant affidavit at the preliminary hearing, not in the superior court. The sole question in superior court was whether the information should be set aside because of the magistrate's error. Thus, the question properly before this court is whether the superior court erred in refusing to set aside the information based upon the magistrate's actions. Here, too, the failure to allow cross-examination may have prevented defendant from challenging the accuracy of the affidavit in the superior court.

Furthermore, it may be inappropriate to order the superior court to hold proceedings to correct the underlying error which it did not commit. All the cases cited by the People as examples where limited remand has been used in the past involved underlying errors which were committed in the superior court. An error by the preliminary hearing magistrate of this magnitude requires that the original information must be set aside. (*Tharp* v. *Superior Court, supra,* 154 Cal.App.3d 215, 220-221.)

Accordingly, this court orders the trial court to set aside the information. The order denying defendant's motion to dismiss and the judgment after trial are reversed.

Hamlin, J., and Best, J., concurred.

Respondent's petition for review by the Supreme Court was denied October 23, 1985.

---

[6]Section 1260 provides in pertinent part: "The court may . . ., if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances."