[No. G009302. Fourth Dist., Div. Three. May 31, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
KENT SANDLIN et al., Defendants and Appellants.

[black redaction bar]

[black redaction bar]

## COUNSEL

Barry T. Simons, Tedd A. Mehr and Gordon S. Brownell, under appointments by the Court of Appeal, for Defendants and Appellants.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Louis R. Hanoian and Karl T. Terp, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

SILLS, P. J.—Kent Sandlin and Barbara Tustison pleaded no contest to several charges of cultivation and possession of marijuana for sale following the denial of their motions to suppress evidence seized pursuant to a search warrant. (Pen. Code, § 1538.5.) Sandlin contends there was no probable cause for issuance of the search warrant. Both contend the trial court abused its discretion when it refused to hold a *Franks* v. *Delaware* (1978) 438 U.S. 154 [57 L.Ed.2d 667, 98 S.Ct. 2674] evidentiary hearing on the veracity of the affidavit in support of the search warrant. We affirm.

I

The facts are taken from the affidavit of Los Angeles County Sheriff Deputy Joseph Nunez. During the week of June 13, 1988, Nunez was told by a confidential informant that the informant was in a parking lot in Costa Mesa when he saw a woman, believed to be Tustison, engage in a drug sale. The woman arrived in a white Isuzu pickup truck and met with a man on a bicycle. The man called her "Barbara" several times. The woman removed a plastic bag containing a "green leafy substance" from the truck and gave it to the man in exchange for cash. He asked if it was "prime smoke." The informant was positive the substance was marijuana. The woman left and the man wrapped the bag in a beach towel and rode away.

Nunez determined the pickup truck was registered to Barbara Tustison at an address in Costa Mesa. Tustison's description matched that of the woman

seen in the parking lot by the informant. Nunez went to the Costa Mesa address, a duplex, where he saw the pickup. Tustison came out of the residence with a towel tucked under her arm. Nunez followed her and, when he pulled up next to her, saw a bag "containing a green leafy substance resembling marijuana" laying on top of the towel on her lap. He returned to the Costa Mesa address after he lost Tustison in traffic. Tustison returned shortly carrying the same towel without the bag.

Nunez subsequently learned the other apartment in the duplex was occupied by Sandlin. While surveilling the two apartments he saw Sandlin leave with a large object wrapped in cloth under his arm. Sandlin placed the object in a car and drove to the parking lot at Hoag Hospital in Newport Beach. He parked the car and was approached by a man on foot carrying a brown paper bag. Sandlin got out of the car, pointed to the front seat and walked to the hospital entrance. The other man opened the car door and removed a plastic bag containing what Nunez believed was marijuana. He put the plastic bag in the paper bag, and went to the front of the hospital where he gave Sandlin cash. Sandlin counted the money and drove off.

Nunez requested and obtained a search warrant for both Costa Mesa apartments. A search revealed a marijuana farm in one and 20 pounds of dried marijuana in the other.

## II

■ Sandlin contends the affidavit in support of the search warrant lacks probable cause for a search of the apartments. At best, he urges, the affidavit shows probable cause for a search of the defendants' cars or persons. He urges the affidavit failed to make a sufficient connection between the alleged drug transactions and the apartments. We disagree.[1]

■ "[P]robable cause for a search exists where an officer is aware of facts that would lead a [person] of ordinary caution or prudence to believe, and conscientiously to entertain, a strong suspicion that the object of the search is in the particular place to be searched. [Citations.] ■ On review, the appellate court must uphold probable cause findings if supported by substantial evidence. [Citations.]" (*Wimberly* v. *Superior Court* (1976) 16 Cal.3d 557, 564 [128 Cal.Rptr. 641, 547 P.2d 417]. See also *People* v. *Frank* (1985) 38 Cal.3d 711, 728-729 [214 Cal.Rptr. 801, 700 P.2d 415]; *People* v. *Aho* (1985) 166 Cal.App.3d 984, 991 [212 Cal.Rptr. 686].) Whether there

---

[1]Two search warrants were issued, one for each address. Although in her brief Tustison does not argue the warrant lacked probable cause, in a footnote she states she agrees with Sandlin's argument. Assuming this is an attempt on her part to join in the argument, we reject it for the same reasons.

was probable cause to issue a search warrant must be judged by federal constitutional law. (*People* v. *Mayer* (1987) 188 Cal.App.3d 1101, 1116 [233 Cal.Rptr. 832].) The magistrate's determination must be based upon the totality of the circumstances. (*Illinois* v. *Gates* (1983) 462 U.S. 213 [76 L.Ed.2d 527, 103 S.Ct. 2317]; *People* v. *Mayer, supra*, 188 Cal.App.3d at p. 1116.)

█ A magistrate is entitled to rely upon the conclusions of experienced law enforcement officers in weighing the evidence supporting a request for a search warrant as to where evidence of crime is likely to be found. (*United States* v. *Fannin* (9th Cir. 1987) 817 F.2d 1379, 1381-1382.) It is not essential that there be direct evidence that such evidence will be at a particular location. Rather, the magistrate " 'is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense.' " (*Ibid.*)

In *United States* v. *Peacock* (9th Cir. 1985) 761 F.2d 1313, the court concluded there was probable cause to search the defendants' residence when the affidavit stated that barrels containing drugs had been found in the desert, witnesses had seen a U-Haul truck in the vicinity, the truck was traced to the defendants and the barrels' imprint rings were visible in the truck's bed. In *United States* v. *Angulo-Lopez* (9th Cir. 1986) 791 F.2d 1394, the court held that probable cause to search a defendant's residence was found in an affidavit alleging that the defendant had been observed engaging in a drug transaction because "[i]n the case of drug dealers, evidence is likely to be found where the dealers live." (*Id.* at p. 1399.)

█ Here, the affidavit contained information regarding three drug transactions in which the defendants were involved. A woman believed to be Tustison was seen on one occasion selling marijuana in a parking lot. Later Tustison was observed leaving her apartment with a towel rolled up under her arm; she was then seen in her car with what appeared to be marijuana in her lap. She later returned to the apartment with an empty towel. Sandlin was observed leaving his apartment with a bundle under his arm, selling what appeared to be marijuana in the Hoag Hospital parking lot and then returning to his apartment. The magistrate could infer from this evidence that marijuana might be found in the apartments. Given the totality of the circumstances the affidavit demonstrated sufficient probable cause to search the apartments.

## III

█ Sandlin and Tustison filed motions to suppress the evidence and traverse the search warrant. (Pen. Code, § 1538.5.) They contend the trial

court erred when it refused to hold an evidentiary hearing to test the veracity of the affidavit in support of the warrant. (*Franks* v. *Delaware, supra*, 438 U.S. 154.) They contend Nunez made material misstatements and omissions in his affidavit.

In *Franks* the United States Supreme Court held a defendant has a limited right under the Fourth Amendment to challenge the veracity of the affidavit underlying a facially valid search warrant. (*Franks* v. *Delaware, supra*, 438 U.S. 154; *People* v. *Luttenberger* (1990) 50 Cal.3d 1, 9 [265 Cal.Rptr. 690, 784 P.2d 633].) ■ To obtain a *Franks* postsearch evidentiary hearing on whether there has been official misconduct in drafting the affidavit, the defendant must make "a 'substantial preliminary showing that (1) the affiant has made statements which were deliberately false or in reckless disregard of the truth and (2) the affidavit's remaining content after [its] false statements are excised is insufficient to justify a finding of probable cause. [Citation.]' " (*People* v. *Glance* (1989) 209 Cal.App.3d 836, 846 [257 Cal.Rptr. 522].) If the allegations are proven by a preponderance of the evidence at the hearing, the false material must be removed. If the remaining content is insufficient to establish probable cause, the evidence seized under the warrant must be excluded. (*Franks* v. *Delaware, supra*, 438 U.S. at p. 157 [57 L.Ed.2d at p. 673]; *People* v. *Luttenberger, supra*, 50 Cal.3d at p. 10.)

Nonetheless, there is a presumption of validity with respect to the affidavit. To merit an evidentiary hearing the defendants' attack on the affidavit must be more than conclusory and must be supported by more than a mere desire to cross-examine. The challenge must contain allegations of deliberate falsehood or of reckless disregard for the truth. The motion for an evidentiary hearing must be "accompanied by an offer of proof . . . [and] should be accompanied by a statement of supporting reasons. Affidavits or otherwise reliable statements of witnesses should be furnished," or an explanation of their absence given. (*Franks* v. *Delaware, supra*, 438 U.S. at p. 171 [57 L.Ed.2d at p. 673].) The defendants must also demonstrate that the challenged material is necessary to a finding of probable cause. (*Ibid.*) ■ The trial court's decision to not hold a *Franks* hearing is reviewed de novo on appeal. (*U.S.* v. *Johns* (9th Cir. 1988) 851 F.2d 1131, 1133.)

These requirements for a *Franks* hearing should not be confused with that which is required for a *Rivas* (*People* v. *Rivas* (1985) 170 Cal.App.3d 312 [216 Cal.Rptr. 477]) or *Luttenburger* (*supra*, 50 Cal.3d at p. 21) discovery order. In *Luttenburger*, the defendant wanted information about a confidential informant relied upon in a search warrant affidavit in order to then attack the affidavit. *Luttenburger* distinguished between the necessary showing to

obtain information about an informant and the "substantial showing" necessary to obtain a *Franks* hearing. To obtain an order for such information, the defendant must merely show "the presumptively valid warrant affidavit is questionable in some way" (*ibid.*) which is "less demanding than the 'substantial showing of material falsity' required by *Franks*." (*Ibid.*)

In their moving papers Sandlin and Tustison asserted the informant was an off-duty police officer who sought to keep his identity secret because he was engaged to an acquaintance of the defendants, the circumstances under which the informant came to be at the Costa Mesa parking lot were inherently unbelievable, and the informant's description of how Tustison entered and left the Costa Mesa parking lot were physically impossible. For this reason they urged all of the statements relating to the observations of the informant should be excised.

Sandlin's and Tustison's showing with respect to the informant's information was not sufficient because the showing required to obtain a *Franks* hearing also requires a demonstration that the affidavit, when supplemented by the omissions, would not support a finding of probable cause. (*United States* v. *Stanert* (9th Cir. 1985) 762 F.2d 775, 782.) Sandlin's and Tustison's challenge with respect to the omission of the identity of the informant is little more than an objection to relying on an informant who is an off-duty police officer. There is absolutely no authority for their assertion that a police officer cannot be an informant, or that an affidavit based on information from an informant who is a police officer is inherently suspect. Additionally, were the affidavit revised to substitute the true identity of the informant, there has been no showing as to how that would remove probable cause from the affidavit. As counsel for the defense stated below, had the affidavit revealed the informant was an off-duty police officer "they would have had more probable cause."

The defendants also challenge the veracity of the informant. To succeed, their offer of proof must challenge the truthfulness of the affiant, *not that of the informant*. (*United States* v. *Kiser* (9th Cir. 1983) 716 F.2d 1268, 1271.) There was not a sufficient offer of proof to require a hearing with respect to the informant's statements.

Sandlin and Tustison also contend that the affidavit contains false statements regarding Nunez' independent observations. Both Sandlin and Tustison denied that they engaged in the activities which Nunez reported. In support, Tustison submitted her declaration stating she had never driven her truck while carrying marijuana in her lap on the date claimed by

Nunez.[2] Actually, that is *all* she said in her declaration. We quote her declaration in its entirety: "I, Barbara Tustison, do declare: [¶] 1. I am the Defendant in the above-entitled action. [¶] 2. At no time on the date of June 8, 1988, was I present in the parking lot (front or rear portions) of a Shopping Center complex at 488 E. 17th Street in the City of Costa Mesa, County of Orange. [¶] 3. At no time during the month of June, 1988, or any other time, did I drive an Isuzu Pickup Truck Westbound [*sic* ] on Broadway Street in Costa Mesa, with a large zip lock baggie containing a green leafy substance on top of a towel between my legs."

Likewise, Sandlin submitted his declaration stating that during the week he was allegedly observed making the marijuana sale in the parking lot of Hoag Hospital, his father was a patient in the hospital. He was there to visit but never engaged in a marijuana sale. We also reiterate his declaration in full: "I, Kent Sandlin, do declare: [¶] 1. I am a Defendant in the above-entitled action. [¶] 2. During the week encompassing June 17, 1988, my father was a patient at Hoag Hospital in Newport Beach, County of Orange. During this period I had the occasion to visit that Hospital to see my father. However, at not [*sic*] time during that period, or any other time, did I deliver, sell, cause to be delivered, or sell, any substance resembling marijuana to any known or unknown individual."

The *Franks* requirement of a "substantial showing" means an offer of proof which must include affidavits or statements of reliable witnesses, or explanations for their absence. But the only proof submitted here was the defendants' conclusory and uncorroborated statements that they did not do what the affidavit alleged. These are little more than self-serving general denials and fall far short of the substantial showing requirement of *Franks*.

Mere conclusory contradictions of the affiant's statements are insufficient for the "substantial preliminary showing" *Franks* requires. (E.g., *People* v. *Glance, supra*, 209 Cal.App.3d at p. 847.) In *People* v. *Duval* (1990) 221 Cal.App.3d 1105 [271 Cal.Rptr. 240], the defendant actually testified under oath, denying any person was present at the time of the alleged narcotics transaction as declared in the affidavit for the search warrant. He also generally denied the allegations assertedly made by the informant in the affidavit. This testimony was presented without rebuttal yet the "showing" was considered *in*substantial and the defendant was denied a *Franks* hearing due to this insufficiency.

In *U.S.* v. *Johns, supra*, 851 F.2d 1131, the court concluded the defendants' allegations that they never engaged in the drug manufacturing activities

---

[2]Her moving papers also stated her pickup was not registered at the Costa Mesa address contained in the affidavit, but no proof of this was offered.

alleged in the affidavit merited an evidentiary hearing. But, in *Johns* the defendants bolstered their contentions with affidavits of two experts who stated the allegations of the affidavit were necessarily false because they were scientifically impossible. (*Id.* at p. 1134.) No such supporting proof was submitted with Sandlin's and Tustison's motions. We do not hold that in every case the declaration or testimony of a defendant alone is insufficient to meet the showing required by *Franks.* But here there was no substantial showing that the affidavit contained false statements and the defendants were not entitled to an evidentiary hearing.

The judgment is affirmed.

Moore, J., concurred.

**WALLIN, J.,** Dissenting.—I would reverse and remand for a *Franks* (*Franks* v. *Delaware* (1978) 438 U.S. 154 [57 L.Ed.2d 667, 98 S.Ct. 2674]) hearing on the veracity of Nunez' statements regarding his independent observations of Sandlin and Tustison. The "substantial showing" required by *Franks* requires only an offer of proof to directly controvert the affiant's statements. That offer must include affidavits or statements of reliable witnesses, or explanations for their absence. Here the two defendants submitted declarations, signed under penalty of perjury, directly controverting the affidavit. The declarations carried with them the clear implication that the allegedly false statements were made " 'knowingly and intentionally, or with reckless disregard for the truth.' " (*People* v. *Luttenberger* (1990) 50 Cal.3d 1, 10 [265 Cal.Rptr. 690, 784 P.2d 633].)

In *U.S.* v. *Johns* (9th Cir. 1988) 851 F.2d 1131, the defendants' allegations that they did not do what was alleged in the affidavit merited an evidentiary hearing when those allegations were supplemented with affidavits of experts. (*Id.* at p. 1134.) Here the only conceivable supporting proof for Sandlin or Tustison would have been a declaration from either an alibi or other percipient witness. I do not believe this kind of proof is required to obtain a *Franks* hearing. If either had been fortunate enough to have Mother Theresa by their side on the day in question and she too submitted a declaration stating the defendants did not engage in the alleged activities, without a doubt the trial court would have granted a *Franks* hearing. But the majority holds that in this case it is not enough that only the defendants submit declarations. In other words, it is presupposed that a criminal defendant, by virtue of having been accused, is unworthy of belief.

*People* v. *Duval* (1990) 221 Cal.App.3d 1105 [271 Cal.Rptr. 240] rejected the defendant's claim that he had made a *Franks* "substantial showing." In *Duval* the police officer's affidavit in support of the search warrant alleged

he had received information from a confidential informant regarding the defendant's participation in the selling of cocaine, and another officer told him he obtained similar information from a citizen informant. The affiant conducted surveillance at the defendant's apartment and observed suspicious activities. After the defendant's arrest, the affiant police officer died. The defendant then requested a *Franks* hearing to challenge the affidavit. His offer of proof was his testimony that the facts stated by the affiant were untrue and that no such informant existed. The court affirmed the denial of his motion, concluding the defendant had provided only a general denial of the affiant's allegations and that the offer of proof was nothing more than the creation of an inference that the affiant lied. (*Id.* at p. 1113.) The court went on to state, "[W]e do not hold that the sole testimony of a defendant would, in every case, be insufficient to meet the preliminary showing required by *Franks*. Each case necessarily must be determined on its own facts and circumstances." (*Ibid.*) In *Duval*, because the affiant was dead the only proof would have been the defendant's testimony that the acts alleged in the affidavit never occurred. Here the court could have held the *Franks* hearing and weighed the credibility of the defendants and the affiant. Furthermore, in *Duval*, the sole defendant was challenging the observations of an informant, not the affiant. (See *United States* v. *Kiser* (9th Cir. 1983) 716 F.2d 1268, 1271.) Here the *two* defendants each directly challenged the observations of the affiant. This was an adequate offer of proof entitling them to an evidentiary hearing. The concern that allowing a *Franks* hearing on the basis of such an offer of proof has the practical effect of allowing two trials in every search warrant case is not well founded. The only purpose of the *Franks* hearing is to test the veracity of the affidavit. Once the court has concluded it contains sufficient probable cause, it is no longer an issue at trial. I would remand this case to the trial court for the limited evidentiary hearing required under *Franks*.

A petition for a rehearing was denied June 24, 1991. Wallin, J., was of the opinion that the petition should be granted. Appellants' petition for review by the Supreme Court was denied August 22, 1991. Mosk, J., Broussard, J., and Kennard, J., were of the opinion that the petition should be granted.