[No. B157663. Second Dist., Div. Five. Jan. 23, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
MARCOS ESTRADA, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

---

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part III.F.

COUNSEL

Peter L. Knecht for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Jeffrey Kahan and Robert David Breton, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**TURNER, P. J.—**

### I. INTRODUCTION

Defendant, Marcos Estrada, appeals from his convictions of possession of cocaine base for sale (Health & Saf. Code, § 11351.5); cocaine for sale (Health & Saf. Code, § 11351); a controlled substance with a firearm (Health

& Saf. Code, § 11370.1, subd. (a)); marijuana for sale (Health & Saf. Code, § 11359); an instrument to defraud a telephone company (Pen. Code,[1] § 502.7, subd. (b)(1)); and a firearm by a felon (§ 12021, subd. (a)(1)). The jury also found defendant was personally armed with a firearm in the commission of the possession of cocaine base and cocaine for sale. (§ 12022, subd. (c).) Defendant argues the trial court improperly denied his motion that an in camera hearing be held concerning an informant's identity. We conclude under the principles articulated in the *People v. Luttenberger* (1990) 50 Cal.3d 1, 21-24 [265 Cal.Rptr. 690, 784 P.2d 633], that the trial court did not have the discretion to deny the motion for an in camera hearing on the ground it did. We therefore conditionally reverse the judgment so as to allow the trial court to exercise its discretion concerning the requested in camera hearing under specified circumstances.

## II. BACKGROUND

### A. *Trial Evidence*

■ We view the evidence in a light most favorable to the judgment. (*Jackson v. Virginia* (1979) 443 U.S. 307, 319 [99 S.Ct. 2781, 2789, 61 L.Ed.2d 560]; *People v. Osband* (1996) 13 Cal.4th 622, 690 [55 Cal.Rptr.2d 26, 919 P.2d 640]; *Taylor v. Stainer* (9th Cir. 1994) 31 F.3d 907, 908-909.) On April 17, 1998, defendant's apartment was searched pursuant to a search warrant. The search warrant was issued after the police watched defendant's apartment and made various observations. The search warrant was also based upon information provided by a confidential informant. The police watched a narcotics transaction between the informant and defendant. Police funds were used to buy the narcotics. Defendant was present in his apartment at the time of the search. During the search, the officers discovered a semiautomatic Russian SKS rifle loaded with 13 rounds of ammunition with one round in the chamber; two bulletproof vests; three unloaded rifles; a loaded Derringer .22-caliber handgun; .22-caliber long rifle ammunition; a "pay-and-owe" spiral notebook; a triple-beam balance scale; two electronic gram scales; a bag containing 605 grams of marijuana; baggies containing 4.2 grams of marijuana; baggies containing 196 grams of powder cocaine; a bag containing 510 grams of cocaine base; three stolen cell phones; $12,693 in cash in small denominations; and car registrations and titles for several automobiles.

### B. *Proceedings and Evidence Pertinent to In Camera Hearing Motion*

As previously noted, defendant's residence and car were searched on April 17, 1998. On April 20, 1998, a felony complaint was filed. On May 19,

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

1998, defendant filed a motion to suppress evidence pursuant to section 1538.5, subdivision (f)(1). More than six months of continuances ensued without the preliminary examination being conducted and on November 13, 1998, defendant absconded. A bench warrant was issued and after eventually being apprehended, on June 20, 2000, defendant filed a second section 1538.5, subdivision (f)(1) motion to suppress evidence. Neither of the two section 1538.5 motions raised any issue concerning *People v. Luttenberger*, *supra*, 50 Cal.3d at pages 19-24. On July 14, 2000, defendant was held to answer at the conclusion of the preliminary hearing.

Over eight months later, March 21, 2001, defendant filed a motion to compel disclosure of the informant's identity. The motion was premised on the allegation that the informant was a material witness as to the issue of guilt. (See 2 Witkin, Cal. Evidence (4th ed. 2000) Witnesses, §§ 306-332, pp. 585-614.) The March 21, 2001, informant disclosure motion had nothing to do with the Fourth Amendment issue which has been raised on appeal. The March 21, 2001, informant disclosure motion is irrelevant in terms of the present appeal. Defendant has raised no issues concerning the March 21, 2001, informant disclosure motion.

On August 22, 2001, defendant filed a motion to quash and traverse the search warrant in which he asserted the search warrant affidavit did not contain probable cause to permit a search of his residence and automobile; the reliance on the information provided by the informant was objectively unreasonable; the search warrant affidavit contained material omissions of fact and intentional false statements; and the presence of intentional material misstatements or omissions of fact negated any finding of good faith. Defendant requested that an evidentiary hearing be held pursuant to *Franks v. Delaware* (1978) 438 U.S. 154, 155-156 [98 S.Ct. 2674, 2676-2677, 57 L.Ed.2d 667]. Also on August 22, 2001, defendant filed a motion pursuant to *People v. Luttenberger, supra,* 50 Cal.3d at pages 19-24, concerning the informant. In pertinent part, the notice of motion stated: "[D]efendant . . . will move . . . for an [o]rder of this [c]ourt directing law enforcement personnel . . . to disclose the existence of the confidential informant(s) used in this case and whether said informant made the controlled buy described in the affidavit in support of the search warrant." The August 22, 2001, informant disclosure motion was premised upon the holding of the California Supreme Court in *People v. Luttenberger*, *supra*, 50 Cal.3d at pages 19-24. It is this informant disclosure motion that is the subject of the present appeal.

In support of the informant disclosure motion, defendant relied on two documents, the search warrant affidavit and his own declaration. First, the

search warrant affidavit contains the following information. An experienced narcotics investigator related: "During the early part of April, 1998, your affiant . . . met with a Confidential Informant, hereafter referred to as a 'CI'. The CI informed your affiant that he/she knows a subject by the name of 'Marco', who is currently involved in the sales of cocaine. [¶] The CI described Marco as a male Latin, in his mid 20's, 5-07, 150, brown hair, brown eyes. [¶] The CI told your affiant that he/she has known Marco for several months and that he/she has personal knowledge that Marco has been selling large quantities of cocaine on a daily basis. [¶] Based on this information, the CI agreed to make a controlled purchase of cocaine from Marco. The CI was searched and found to be void of any money or contraband. The CI was then given a specific amount of money (xerox copied) from the undercover fund for the transaction. The CI met with Marco at a specific location, while myself [and other detectives] monitored the activities of the CI. [¶] The CI met with Marco, and talked with him for a short time. After a few minutes, the CI walked away from Marco and shortly thereafter met with your affiant. The CI was never out of view of [the detectives]. [¶] The CI gave your affiant an undetermined amount of an off-white rock like substance resembling cocaine base. The CI told your affiant that it was in fact Marco who provided him/her the cocaine in exchange for the money provided by your affiant to make the transaction."

A supervisor of the affiant recognized defendant from a prior meeting. Another detective tested the substance provided by the defendant to the confidential informant. The substance tested positive for the presence of cocaine. The affidavit contained substantial other information linking defendant to the residence and automobile where the search warrant was served.

The April 8, 1998, search warrant affidavit concludes: "Your affiant requests that the identity of the informant remain confidential per Evidence Code [section] 1040. Your affiant believes that the disclosure of the informant's identity would destroy or impair his/her future usefulness to law enforcement officers engaged in investigating criminal activity. The disclosure of the informant's identity may also subject him/her to great bodily injury or death from those he/she has informed upon and their associates."

The second document filed in support of the motion to disclose the identity of the informant was a declaration executed by defendant. The pertinent part of the affidavit states: "Contrary to the statements of [the detective] in his affidavit in support of the search warrant for the residence . . . and the [car], [on] or about April 1998, I did not meet and sell or provide cocaine or cocaine base to an individual at a location or to any person at any location during the time period mentioned in [the detective's]

affidavit." The trial court denied defendant's motion to compel the holding of an in camera hearing.

Defense counsel argued: "My challenge is to whether or not the affiant intentionally inserted false information, and the false information, there is an allegation that a confidential informant made the sale. We're saying that no sale took place and he has made that statement. [¶] Now, is that a preliminary showing or a primary substantial showing? How could it be anything but when he's denying in fact that he sold cocaine or that cocaine was sold by him to an individual in the time period that's set forth? [¶] I can't think of a situation where it could be more clear that he is alleging that that did not happen, and that has to be the equivalent of a substantial showing." In denying the motion, the trial court noted: "I disagree with you based on the law. I find it's not a substantial showing and I cite you the case of [*People v. Sandlin* (1991) 230 Cal.App.3d 1310 [281 Cal.Rptr. 702]; *People v. Benjamin* (1999) 77 Cal.App.4th 264 [91 Cal.Rptr.2d 520]; *People v. Eid* (1994) 31 Cal.App.4th 114 [36 Cal.Rptr.2d 835]; *People v. Box* (1993) 14 Cal.App.4th 177 [17 Cal.Rptr.2d 504].] [¶] . . . [¶] All of which stand for the proposition that self-serving denials alone are routinely discounted in determining whether a showing for a Frank[s] hearing has been made out according, quoting from Sandlin, again the court addresses the fact that the defendant must make a substantial preliminary showing that there is a presumption of validity in respect to an affidavit. [¶] The court held that the conclusionary contradictions of the affiant's statements are insufficient for the substantial preliminary showing Frank[s] requires. . . ." Defense counsel subsequently requested the trial court reconsider the motion, noting, "[T]he most glaring difference would be the different standard between a Leutenberger [*sic*] motion and a Frank[s] versus Delaware, and I think the court used the same standard when it denied both motions last week." Thereafter, the trial court denied the motion to reconsider its former ruling on the subject.

## III. DISCUSSION

### A. *The Sole Issue Raised by Defendant on Appeal*

Defendant argues that he was entitled to have the trial court conduct an in camera hearing concerning the search warrant allegations of the early April 1998 alleged cocaine transaction. If the evidence produced at the in camera hearing is found by the trial court to tend to contradict material representations made in or constitute material omissions from the affidavit, then defendant argues those matters should be disclosed to the defense so they may be used to attack the search warrant affidavit. (*People v. Luttenberger, supra,* 50 Cal.3d at p. 24.) On the other hand, defendant concedes

that if no evidence of material misrepresentations or omissions is uncovered during the in camera proceedings, then no materials are to be disclosed to him. (*Ibid.*) Defendant agrees that the sole issue before us is whether he made a sufficient showing to require that an in camera hearing be held.

### B. *The Right to Challenge the Accuracy of Search Warrant Affidavit Allegations*

An accused has a limited right to attack the veracity of allegations appearing in a search warrant affidavit. The pertinent federal constitutional rule in this regard was set forth by the United States Supreme Court in *Franks v. Delaware, supra,* 438 U.S. at pages 155-156 [98 S.Ct. at pages 2676-2677] as follows: "[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." (See *People v. Benjamin, supra,* 77 Cal.App.4th at pp. 267-268.) The hearing where a defendant challenges the veracity of the affiant's statements under oath is commonly called a *Franks* hearing. (See *U.S. v. Maro* (7th Cir. 2001) 272 F.3d 817, 821; *People v. Luttenberger, supra,* 50 Cal.3d at p. 18.) Because of the difficulty of meeting the "substantial preliminary showing" standard, *Franks* hearings are rarely held. (*U.S. v. Graham* (6th Cir. 2001) 275 F.3d 490, 506; *U.S. v. Swanson* (7th Cir. 2000) 210 F.3d 788, 789-790.) Defendant does not contend on appeal that he ever made "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit" within the meaning of *Franks*. (*Franks, supra,* 438 U.S. at pp. 155-156 [98 S.Ct. at pp. 2676-2677].) Rather, he contends, as will be noted, that he made a requisite lesser showing such that it was mandatory that an in camera hearing be held. We turn now to discuss the lower evidentiary threshold that must be met in order to require the holding of an in camera hearing under these circumstances.

### C. *The Right to Conduct Pre-Franks Hearing Discovery*

In *People v. Luttenberger, supra,* 50 Cal.3d at pages 20-25, the California Supreme Court set forth the standards for conducting pre-*Franks*

hearing discovery. As will be noted, the standard for compelling pre-*Franks* hearing discovery is lower than whether to allow the hearing on the merits of the suppression of evidence motion. In *Luttenberger*, our Supreme Court described the defendant's preliminary hearing disclosure request as follows: "[D]efendant moved for discovery . . . seeking the court's 'in-camera review of any information disclosed or discoverable . . . as to the informant's past experiences with dangerous drugs, any police reports of incidents [filed] against [informant], pay vouchers, if there were any, for [informant's] services to the police department, [and] any [promises or] representations . . . that were made to him.' The defense further asked the court to 'examine whether the informant has some relationship with this case that would make him or her unreliable.'" (*People v. Luttenberger, supra,* 50 Cal.3d at pp. 7-8.) No declarations of any kind were filed in *Luttenberger* which contained specific allegations the affiant knowingly or with reckless disregard of the truth inserted untrue statements in the search warrant affidavit. (*Id.* at pp. 9-10, 22.)

In *Luttenberger*, the Supreme Court concluded that the *Franks* "substantial preliminary showing" standard did not apply to pre-section 1538.5 hearing discovery issues. Rather than the *Franks* "substantial preliminary showing" standard which applies to the merits of the suppression of evidence issue, in *Luttenberger*, the Supreme Court established the following test for an in camera review and a discovery request: "To justify in camera review and discovery, preliminary to a subfacial challenge to a search warrant, a defendant must offer evidence casting some reasonable doubt on the veracity of material statements made by the affiant. (Cf. *State* v. *Casal* [(1985) 103 Wash.2d 812] [699 P.2d [1234,] 1239] [showing required for in camera examination of affiant and/or confidential informant based on defendant's challenging existence of informant or veracity of affiant].) This standard is similar to those set by courts of other jurisdictions addressing analogous questions. (E.g., *People* v. *Poindexter* (1979) 90 Mich.App. 599 [282 N.W.2d 411, 416] [when defendant makes specific allegations of deliberate or reckless falsehood, with offer of proof, trial court has discretion to examine informant in camera, once defendant has 'raised a legitimate question' regarding the existence of an informant or the truth of affiant's statements and the court determines there is 'some doubt' as to affiant officer's credibility]; *United States* v. *Brian* [(D.R.I. 1981)] 507 F.Supp. [761,] 766 [for *Franks* challenge in confidential informant case 'where defendants deny, via affidavit, specific facts attributed to them by informants; and where defendants make some minimal showing of inconsistency on the face of the government's material which supports their assertion of deliberate falsehood or reckless disregard for the truth, the Court may, and probably should, conduct an *in camera* interview of the affiant and, if

necessary, of the informants'].) Thus, before an in camera review may be ordered, the defendant must raise some reasonable doubt regarding either the existence of the informant or the truthfulness of the affiant's report concerning the informant's prior reliability or the information he furnished. (Cf. *[People v. Rivas* (1985)] 170 Cal.App.3d [312,] 322 [216 Cal.Rptr. 477]; *State* v. *Haywood* (1984) 38 Wn.App. 117 [684 P.2d 1337, 1341].)" (*People v. Luttenberger, supra,* 50 Cal.3d at pp. 21-22.) Later, the *Luttenberger* court gave the following example of the type of factual allegation that can give rise to a pre-*Franks*-hearing, in camera discovery proceeding as follows: "[W]ithout knowing the informant's identity, a defendant could nonetheless make factual allegations contradicting statements in the warrant affidavit, or raise inconsistencies on the face of the affidavit. [Citations.]" (*Id.* at pp. 22-23; see *People v. Hobbs* (1994) 7 Cal.4th 948, 972, fn. 6 [30 Cal.Rptr.2d 651, 873 P.2d 1246].)

In addition, the *Luttenberger* court held that a party seeking pre-*Franks* hearing discovery and in camera proceedings need not demonstrate bad faith on the part of the affiant. The Supreme Court held in terms of a discovery request: "For purposes of obtaining discovery, a defendant need not show that the alleged inaccuracies of the affidavit resulted from the affiant's bad faith. Under *Franks*, before a defendant is entitled to an evidentiary veracity hearing, he must make a substantial showing that the affiant made false statements 'knowingly and intentionally or with reckless disregard for the truth.' (438 U.S. at p. 155 . . . .) For present discovery purposes, casting a reasonable doubt on the truthfulness of statements made in the affidavit will suffice, regardless of the defendant's ability to show bad faith or trace the inaccuracy directly to misrepresentations by the affiant. [¶] To obtain an in camera hearing, however, the defendant must raise a substantial possibility that the allegedly untrue statements were material to the probable cause determination. . . ." (*People v. Luttenberger, supra,* 50 Cal.3d at p. 23.)

### D. *Application of Luttenberger to the Present Case*

■ In the present case, the prosecution presented no evidence in response to defendant's denial that the early April 1998 drug transaction occurred. Rather, the deputy district attorney apparently relied on the presumption the warrant affidavit was accurate. (*Franks v. Delaware, supra,* 438 U.S. at p. 171 [98 S.Ct. at p. 2684]; *People v. Luttenberger, supra,* 50 Cal.3d at p. 21.) Apart from the evidentiary effect of the foregoing presumption, the *only* evidence presented was defendant's denial under oath that the early April 1998 drug transaction described by the affiant occurred. If defendant's declaration is correct, then he has, in the words of *Luttenberger,* offered "evidence casting some reasonable doubt on the veracity of material statements" appearing in the search warrant affidavit. (*People v. Luttenberger,*

*supra,* 50 Cal.3d at pp. 21-22.) Defendant's declaration directly contradicts the informant's allegations as to the early April 1998 drug transaction. More to the point, defendant's declaration contradicts the *affiant's* allegations. The affiant stated that the entire early April 1998 drug transaction with the informant was observed by narcotics detectives. Defendant's declaration indicated that the informant, the affiant, and, by inference, the other detectives had fabricated the entire drug transaction scenario which served as the *sole* basis for the Fourth Amendment justification for the search. To paraphrase *Luttenberger,* defendant's evidence cast some reasonable doubt on the veracity of the presumptively correct affiant's statements. Under these cir- . cumstances, the trial court did not have the discretion to deny the discovery motion on the ground that defendant had presented an inadequate challenge to the presumptively true allegations of the search warrant affidavit.

The Attorney General relies on a series of decisions that involve the showing necessary to hold the actual *Franks* hearing. (*People v. Benjamin, supra,* 77 Cal.App.4th at p. 274 ["self-serving denials alone—such as those in defendant's declaration—are routinely discounted in determining whether a showing for a *Franks* hearing has been made"]; *People v. Eid, supra,* 31 Cal.App.4th at p. 127, fn. 5 ["[s]elf-serving denials, . . . without more, are insufficient"]; *People v. Box, supra,* 14 Cal.App.4th at p. 186 ["the high level of external corroboration of [the informant's] statements in the search warrant affidavit, and the complete absence of motivation for the police to choose such an unreliable individual if they were fabricating an informer, lead us to conclude that [the informant's] deposition testimony did not constitute a sufficient showing of deliberate or reckless police misconduct to require an evidentiary hearing pursuant to *Franks*"]; *People v. Sandlin, supra,* 230 Cal.App.3d at p. 1318 [codefendant's sworn declaration denying the drug transaction took place was "little more than self-serving general denials [that] fall far short of the substantial showing requirement of *Franks*"]; *People v. Duval* (1990) 221 Cal.App.3d 1105, 1113 [271 Cal.Rptr. 240] ["His offer of proof consisted entirely of his testimony that the statement attributed to the informant was false, and that 'no such [informant] exists.' These self-serving conclusory statements constitute a general denial and fall far short of meeting the *Franks* requirement"].) As can be noted, each of these decisions involves application of the "substantial preliminary showing" requirements for an actual *Franks* hearing. Defendant correctly notes that these decisions do not address the *Luttenberger* issue, which requires "evidence casting some reasonable doubt on the veracity of material statements · made by the affiant" as a condition of, not holding the *Franks* hearing, but rather conducting limited in camera discovery. (*People v. Luttenberger, supra,* 50 Cal.3d at p. 21; see *People v. Hobbs, supra,* 7 Cal.4th at p. 972, fn. 6.) This distinction was explained by the Court of Appeal in *People v.*

*Sandlin, supra,* 230 Cal.App.3d at pages 1316-1317 as follows: "These requirements for a *Franks* hearing should not be confused with that which is required for a *Rivas* (*People v. Rivas*[, *supra,*] 170 Cal.App.3d 312 . . .) or *Luttenberger* (*supra,* 50 Cal.3d at p. 21) discovery order. In *Luttenberger*, the defendant wanted information about a confidential informant relied upon in a search warrant affidavit in order to then attack the affidavit. *Luttenberger* distinguished between the necessary showing to obtain information about an informant and the 'substantial showing' necessary to obtain a *Franks* hearing. To obtain an order for such information, the defendant must merely show 'the presumptively valid warrant affidavit is questionable in some way' [citation] which is 'less demanding than the "substantial showing of material falsity" required by *Franks*.' [Citation.]" (*People v. Sandlin, supra,* 230 Cal.App.3d at pp. 1316-1317.) Accordingly, there is no merit to the argument of the Attorney General which is premised entirely upon decisions discussing the "substantial preliminary showing" which is a precondition to a *Franks* hearing.

No doubt, concluding as we have that the blanket denial of culpability in this case is sufficient to "cast some reasonable doubt" on the affiant's veracity within the meaning of *Luttenberger*, some may fear that accused drug traffickers will fabricate declarations in order to force the holding of in camera hearings. Several observations are in order. To begin with, we are not holding that every time an accused drug trafficker files a blanket denial of culpability in camera proceedings must be commenced. In this case, if defendant's denial is accurate, the *entire* justification for the search is vitiated. We do not address other scenarios where only part of the probable cause factual scenario has been brought into question by defense declarations. Moreover, the *Luttenberger* "evidence casting some reasonable doubt on the veracity of the material statements made by the affiant" rule is consistent with that adopted in other jurisdictions. (*People v. Luttenberger, supra,* 50 Cal.3d at pp. 21-22.) There is no empirical data that, in other jurisdictions where the *Luttenberger* rule has been adopted, including here in California, accused drug traffickers have routinely filed false blanket denials of culpability. Further, the trial court retains the discretion to permit the prosecutor to cross-examine a declarant who asserts all or portions of a presumptively reliable search warrant affidavit are untrue. If the declarant refuses to testify or answer, the trial court may strike the declaration. (*People v. Price* (1991) 1 Cal.4th 324, 421 [3 Cal.Rptr.2d 106, 821 P.2d 610]; *Overby v. Municipal Court* (1981) 121 Cal.App.3d 377, 386-387, fn. 5 [175 Cal.Rptr. 352], disapproved on another point in *Serna v. Superior Court* (1985) 40 Cal.3d 239, 262, fn. 16 [219 Cal.Rptr. 420, 707 P.2d 793]; *People v. Williams* (1973) 30 Cal.App.3d 502, 509-510 [106 Cal.Rptr. 324]; see *People v. Harris* (1984) 36 Cal.3d 36, 69 [201 Cal.Rptr. 782, 679 P.2d 433],

disapproved on another point in *People v. Bell* (1989) 49 Cal.3d 502, 526, fn. 12 [262 Cal.Rptr. 1, 778 P.2d 129].) Such cross-examination of course should be limited to those matters discussed in the declarant's declaration. If the accused testifies at a suppression hearing, her or his testimony may not be used by the prosecution as part of its case-in-chief and then during the trial only for impeachment purposes. (*Simmons v. United States* (1968) 390 U.S. 377, 393-394 [88 S.Ct. 967, 976, 19 L.Ed.2d 1247]; *People v. Boyette* (2002) 29 Cal.4th 381, 415 [127 Cal.Rptr.2d 544, 58 P.3d 391].) Also, if the accused files a false declaration or testifies falsely, such is prosecutable as perjury. (§§ 118, 118a, 119.) Additionally, if false testimony or a declaration containing perjured statements is utilized by a defendant, the trial court may take such serious misconduct into account in evaluating an accused's prospects for rehabilitation while exercising sentencing discretion so long as proper findings are made on the record. (Cal. Rules of Court, rule 4.421(a)(6); *People v. Redmond* (1981) 29 Cal.3d 904, 913 [176 Cal.Rptr. 780, 633 P.2d 976]; *People v. Howard* (1993) 17 Cal.App.4th 999, 1002-1003 [21 Cal.Rptr.2d 676]; see *Lachance v. Erickson* (1998) 522 U.S. 262, 266 [118 S.Ct. 753, 754, 139 L.Ed.2d 695] ["a criminal defendant's right to testify does not include the right to commit perjury"].)

## E. *Proceedings to Occur on Remand*

*Luttenberger* issues are reviewed for an abuse of discretion. (*People v. Luttenberger, supra*, 50 Cal.3d at p. 21 ["[W]hether to convene an in camera examination or to order discovery will remain a matter within the trial court's discretion"].) The trial court did not have the discretion to deny the discovery motion because no "substantial preliminary showing" had been made. Further, the trial court should have exercised discretion utilizing the *Luttenberger* "evidence casting some reasonable doubt on the veracity of material statements made by the affiant" standard. (*People v. Luttenberger, supra*, 50 Cal.3d at pp. 21-22.) As noted previously, *Luttenberger* discovery motions are premised an exercise of discretion. The sole ground articulated by the trial court, that no "substantial preliminary showing" had been provided, requires a conditional reversal and remand; but that does not end this matter. There are several other issues that must be sorted out by the trial court in its exercise of discretion.

First, it is not as clear as it might be as to exactly what defendant desires the trial court to do during the in camera proceedings. The discovery motion was not denied on this ground. On several occasions, the *Luttenberger* court referred to the examination of documents requested by an accused. (*People v. Luttenberger, supra*, 50 Cal.3d at pp. 23-24.) It is unclear what documents in this case defendant desires the prosecution to produce for in camera

review. It is possible the defendant merely desires to have the informant produced for in camera questioning. However, defendant's papers are unclear in that respect. A motion for pre-*Franks* hearing discovery must describe the " 'requested information, with at least some degree of specificity. . . .' " (*Luttenberger*, at p. 20, citing *Ballard v. Superior Court* (1966) 64 Cal.2d 159, 167 [49 Cal.Rptr. 302, 410 P.2d 838, 18 A.L.R.3d 1416].) Defendant's motion requested that the informant's identity be revealed but did not otherwise explain how that was to happen. If defendant is unable to identify with greater specificity what he desires the trial court to do, it remains free to deny the motion. As noted previously, the sole ground for the trial court's exercise of discretion was that an insufficient showing had been made to require that in camera proceedings occur. The trial court did not deny the motion because of the vagueness of defendant's moving papers.

Second, the trial court retains considerable discretion in terms of what it will review in camera. In the informant disclosure context arising from issues of guilt or innocence, as distinguished from the Fourth Amendment concerns which are present in this case, hearsay evidence is admissible during the in camera hearing. (*People v. Dimitrov* (1995) 33 Cal.App.4th 18, 29-30 [39 Cal.Rptr.2d 257]; *People v. Alderrou* (1987) 191 Cal.App.3d 1074, 1079 [236 Cal.Rptr. 740].) Whether such is true in the present case is a matter for the exercise of discretion by the trial court in the first instance. There may be other matters which warrant exercising discretion by the trial court. We leave these matters in the good hands of the trial court. All we are saying is that as matters now stand, defendant is entitled to the in camera proceedings based upon *Luttenberger* before a dispositive ruling is made on the *Franks* motion.

Third, it bears emphasis that the informant and the detectives made their observations in the early part of April 1998. As noted previously, while this case was pending in the former municipal court, defendant absconded. The preliminary examination was not conducted until July 14, 2000, after defendant had been rearrested. Defendant waited until August 22, 2001, nearly three and one-half years after the informant cooperated with the detectives in the early April 1998 cocaine transaction to make a *Luttenberger* discovery motion. It is possible the informant is no longer available. Depending on the circumstances, it may very well be that defendant will be entitled to no additional information based upon an in camera hearing because of his delay in seeking disclosure including a period of time while he was a fugitive. (*People v. Hammond* (1960) 54 Cal.2d 846, 851-852 [9 Cal.Rptr. 233, 357 P.2d 289] [informant's death during delay of proceedings prevents defendant from claiming a deprivation of a fair trial right]; *People v. Lang* (1989) 49 Cal.3d 991, 1031-1032 [264 Cal.Rptr. 386, 782 P.2d 627] [error induced by

defendant may not be raised on appeal].) Again, this is a matter over which the trial court may exercise discretion.

Fourth, once the in camera proceedings are completed, the trial court must proceed as discussed in *People v. Luttenberger, supra,* 50 Cal.3d at page 24. If the trial court determines that no information should be turned over to the defense, it should deny the section 1538.5 suppression of evidence motion and reinstate the judgment. (*People v. Luttenberger, supra,* 50 Cal.3d at p. 24.) Defendant's self-serving denial is insufficient to trigger his right to a *Franks* hearing. (*People v. Benjamin, supra,* 77 Cal.App.4th at p. 274; *People v. Eid, supra,* 31 Cal.App.4th at p. 127, fn. 5.) If information is disclosed to the defense which warrants a full *Franks* hearing, and the section 1538.5 motion is denied, the judgment should be reinstated. If the section 1538.5 motion is granted, then the trial court should order a new trial if there is a reasonable doubt as to whether the unlawfully seized evidence was prejudicial. (*Chapman v. California* (1967) 386 U.S. 18, 22 [87 S.Ct. 824, 827, 17 L.Ed.2d 705, 24 A.L.R.3d 1065]; *People v. Boyer* (1989) 48 Cal.3d 247, 279-280, fn. 23 [256 Cal.Rptr. 96, 768 P.2d 610], disapproved on another point in *People v. Stansbury* (1995) 9 Cal.4th 824, 830, fn. 1 [38 Cal.Rptr.2d 394, 889 P.2d 588].)

F.   *Penalty Assessments**

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

IV.   DISPOSITION

The order denying the pre-*Franks* hearing discovery is reversed. The judgment is conditionally reversed to allow the trial court to proceed as discussed in the body of this opinion.

Grignon, J., and Armstrong, J., concurred.

---

*See footnote, *ante,* page 783.